310 S.E.2d 210

**Aster KIRK, et al.**

v.

**PINEVILLE MOBILE HOMES, INC., et al.**

No. 15752.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1983.

694

Jack A. Mann, Lynch, Mann & Knapp, Beckley, for appellants.

Carl F. Stucky, Jr., Steptoe & Johnson, Charleston, for Marlette.

John P. Scherer, File, Payne Scherer & Brown, Beckley, for Intertherm.

MILLER, Justice:

In this appeal by Aster Kirk and Priscilla Kirk, they seek to recover prejudgment interest. They were awarded $54,000 by a jury in Wyoming County for damages to their home and personal property by virtue of a fire. The fire was caused by a defective heating device. The circuit court refused to award prejudgment interest because the Kirks had sought damages for annoyance and inconvenience. The circuit court reasoned that because the general verdict contained an element of damages that was not liquidated, the Kirks were not entitled to any prejudgment interest. We disagree and we, therefore, reverse the decision of the Circuit Court of Wyoming County.

■ In *Bond v. City of Huntington,* 166 W.Va. 581, 276 S.E.2d 539, 546–47 (1981), we reviewed at some length the law regarding prejudgment interest citing several of our earlier cases where the right to prejudgment interest was recognized including this quote from *Cresap v. Brown,* 82 W.Va. 467, 476–77, 96 S.E. 66, 70 (1918):

"[T]he jury is permitted to increase the damages by an amount equal to interest, in cases involving the destruction of property by wrongful acts, using the value of the property as the basis of the calculation.... [T]he owner of personal property, suing for damages in trover or trespass *de bonis asportatis,* is generally held to be entitled to recover the equivalent of interest calculated on the value thereof, as damages."

The theory underlying the right to such an award, as we noted in *Bond, supra,* is that "where there is an ascertainable pecuniary loss, [prejudgment interest] is to fully compensate the injured party for the loss of the use of funds that have been expended." 166 W.Va. at 598, 276 S.E.2d at 548.

The defendants argue that the rule recognized in decisions such as *Bond* and *Cresap* does not apply in cases where real property has been damaged or destroyed. It is true that our earlier decisions concerning the award of prejudgment interest as an element of damages have involved the destruction or loss of personal property, but the rationale of those decisions applies with equal force in cases involving the destruction of real property. In both situations, prejudgment interest must be permitted in addition to regular damages to fully compensate the injured party for his losses. Thus, we find no reason to distinguish between real and personal property in awarding prejudgment interest as an element of damages.

■ In reaching this conclusion, we join a large number of jurisdictions which have recognized that the law allows the recovery of prejudgment interest in cases involving damages to real property where the damages are reasonably susceptible to calculation. *See, e.g., d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886, 895 (9th Cir.1977) (applying Arizona law); *Alabama Power Co. v. Allen,* 218 Ala. 416, 419, 118 So. 662, 665 (1928); *Young v. Extension Ditch Co.,* 13 Idaho 174, 182, 89 P. 296, 298 (1907); *Davenport v. Intermountain Ry., Light & Power Co.,* 108 Neb. 387, 393, 187 N.W. 905, 907 (1922); *Sciaky v. Rodgers & Hag-*

*erty,* 277 N.Y. 483, 14 N.E.2d 802 (1938) (per curiam); *King v. McGuff,* 149 Tex. 432, 438, 234 S.W.2d 403, 407 (1950). Indeed, decisions taking this position now represent the majority rule in this country. 22 Am.Jur.2d *Damages* § 193 at 273 (1965); 25 C.J.S. *Damages* § 53(d) at 805 (1966); Annot., 36 A.L.R.2d 337, 349 (1954).[1]

■ In addition to arguing that prejudgment interest cannot be recovered as part of the damages awarded for the destruction of real property, the defendants have placed great weight on the fact that the jury did not indicate what portion of the verdict was attributable to damages for annoyance and inconvenience. They argue that because the jury was permitted to award an additional sum for annoyance and inconvenience under Syllabus Point 3 of *Jarrett v. E.L. Harper & Son, Inc.,* 160 W.Va. 399, 235 S.E.2d 362 (1977), which sum was not a definitely ascertainable or fixed sum, no prejudgment interest could be awarded on the entire general verdict. Syllabus Point 3 of *Jarrett, supra,* states:

"Annoyance and inconvenience can be considered as elements of proof in measuring damages for loss of use of real property."

■ In *Jarrett,* we recognized that annoyance and inconvenience were parts of a loss of use damage element "to be considered in proving loss of use ... [w]hen [loss of use] is difficult to apply because the property in question is not used commercially." 160 W.Va. at 404, 235 S.E.2d at 365. We also stated in *Jarrett* that loss of use of the property by way of determining an amount for annoyance and inconvenience must be "measured by an objective standard of ordinary persons acting reason-

ably under the given conditions." 160 W.Va. at 404, 235 S.E.2d at 365. Finally, we said in *Jarrett* that such claim does not "allow recovery for mental pain and suffering." 160 W.Va. at 405, 235 S.E.2d at 365.

Three observations relevant to the present issue can be made with regard to a claim for annoyance and inconvenience arising from the loss of use of property. First, it is closely tied to the property damage loss. Second, it is a limited amount measured by an objective standard. Finally, in most cases, it will account for only a minor portion of the total damages recovered by a successful plaintiff.

In the present case, for instance, plaintiff's witnesses placed the damage to the home between $31,500 and $32,104. The value of personal property lost in the fire was $19,773. Actual expenses incurred as a result of the fire were $1600.[2] This means that of the general verdict of $54,000, the jury awarded $523 for loss of use by reason of annoyance or inconvenience under *Jarrett.*[3]

We also note that the defendants made no request for a special interrogatory or verdict to have the jury identify the amount it awarded for loss of use by way of annoyance and inconvenience. This simple measure could have prevented any uncertainty concerning the breakdown of damages, although, as we have previously indicated, in this particular case, it seems fairly clear that the damages awarded for annoyance and inconvenience accounted for a very small portion of the total recovery. To avoid this problem in future cases, we conclude that where a general verdict is returned for loss or damage to real and personal property which includes an

---

1. We note that W.Va.Code, 56–6–31 (1981), now embodies this common law rule, although, as the trial court correctly decided, it cannot be retroactively applied and, thus, was not controlling in the present case. This statute states in pertinent part that:

"[I]f the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost

wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court."

2. Following the fire which destroyed their home, the Kirks lived in a motel for eight weeks at a cost of $200 per week.

3. If the jury found the home damage at the $31,500 figure, then the annoyance and inconvenience loss would be $1,127.

amount for loss of use arising from annoyance and inconvenience, the plaintiff is entitled to prejudgment interest on the entire amount of the general verdict unless the jury has by separate finding established an amount for such loss of use.

In view of the foregoing, we hold that the circuit court erred in not awarding prejudgment interest on the general verdict of $54,000. We, therefore, remand this case for the purpose of having prejudgment interest added to the jury verdict.

Reversed and Remanded.

McGRAW, C.J., did not participate in the consideration or decision of this case.