408 S.E.2d 772

**Boyd Thurman BEARD and Mary F. Beard, Plaintiffs Below, Appellees,**

v.

**Romeo Y. LIM, John A.B. Holt and the Eye and Ear Clinic of Charleston, Inc., Defendants and Third–Party Plaintiffs Below,**

v.

**ETHICON, INC. and Hospital and Physicians Supply Co., Inc., Defendants and Third–Party Defendants Below, Appellants.**

No. 19670.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1991.

Decided July 18, 1991.

Thomas J. Hurney, Jr., Laidley Tower, Charleston, Andrew D. Schau, Patterson, Belknap, Webb & Tyler, New York City,

Herschel H. Rose, III, Steptoe & Johnson, Charleston, for appellants and defendants.

Timothy N. Barber, E. Joseph Buffa, Jr., Charleston, for appellees.

WORKMAN, Justice:

This is an appeal of a final judgment of the Circuit Court of Kanawha County rendered on June 29, 1989.[1] Pursuant to the return of a general verdict by a jury, the appellee, Boyd Beard was awarded $202,-712.27 in damages, and his wife, appellee Mary Beard, was awarded $85,000.00 for loss of consortium. The jury assessed the appellant, Ethicon, Inc., seventy-five percent of the negligence which proximately caused the appellee's injuries.[2] Subsequently, plaintiffs moved for determination of prejudgment interest and the trial court awarded it on the entire verdict. Thus, appellee's recovery more than doubled to $427,339.68. The appellant contends that the trial court erred in awarding appellee Boyd Beard prejudgment interest on that portion of the verdict which exceeded the maximum amount of special damages proven by plaintiffs, which appellants contend was $28,836.52. We agree and accordingly reverse the decision of the lower court as to prejudgment interest.

Appellee Boyd Beard had his tonsils removed on September 16, 1975. During surgery, a suture needle broke. The pointed portion of the broken needle, measuring nine-sixteenths of an inch, remained lodged in the back of appellee's throat, and was not removed until almost six months later.[3]

Approximately two years after the first surgery, on September 15, 1975, the appellees instituted action against Mr. Beard's physicians, Drs. John Holt and Romeo Lim, and the Eye and Ear Clinic of Charleston,

---

**1.** This Court granted appellant's petition for appeal by order entered on June 6, 1990. The appeal was granted solely on the issue of the calculation of prejudgment interest.

**2.** Defendant Dr. Holt, who was assessed by the jury with twenty-five percent of the negligence, settled with plaintiffs after trial and did not appeal. Defendant Dr. Lim was exonerated from liability by the jury.

**3.** According to Dr. Holt's testimony at trial, the needle fragment was not removed at the time of

the first surgery because he was fearful of doing damage to a large vessel around the original surgical site. His testimony further indicated that during the six-month period, he continually monitored the needle fragment's position. On January 19, 1976, he noticed in viewing the x-rays that the fragment had moved and decided that it should be removed. The patient was in no real danger during this time, according to the doctor's testimony.

Inc. alleging medical malpractice. Appellants Ethicon, Inc. and Hospital & Physician Supply Co., Inc., the manufacturer and distributor of the suture needle respectively, became parties to the suit under a manufacturing defect theory pursuant to a third-party motion filed by the malpractice defendants on August 12, 1981.[4]

Appellee's principal damage claim was that he had become an alcoholic during the six-month period between the tonsillectomy in September 1975 and the removal of the needle fragment the following February. Specifically, the appellee claimed that on June 2, 1980, he was first admitted as an inpatient for treatment of the alcoholism which developed as a result of the injury. He subsequently went through six more hospital admissions for the treatment of alcoholism during the next five years. The appellee was apparently unable to control his alcoholism until his treatment at Thomas Memorial Hospital in November 1985.

As a result of these hospitalizations, as well as medical and hospitalization expenses resulting from the surgery to remove the needle, appellee Boyd Beard sought special damages based on his medical bills which totaled $22,435.77 and lost wages which totaled $6,400.75. These special damages were listed on two exhibits [5]

4. By order dated August 26, 1983, the plaintiffs were permitted to add Ethicon and Hospital & Physician Supply Co. as party defendants.

5. The special damages were identified at trial by Plaintiffs' Exhibits 1 and 2 which are as follows:

Plaintiffs' Exhibit 1
BOYD THURMAN BEARD
MEDICAL BILLS

| EYE & EAR CLINIC | AMOUNT |
|---|---|
| Sep 17, 1975–Mar 15, 1976 | $ 1,091.00 |

| PICK MEMORIAL HOSPITAL | |
|---|---|
| Jun 2–6, 1980 | $ 1,157.95 |
| Aug 9–18, 1981 | 1,787.40 |
| Mar 12–21, 1982 (9 days at $142 per day) | 1,278.00 |
| Aug 31–Sep 8, 1982 (8 days at $142 per day) | 1,136.00 |
| Jan 28–Feb 6, 1983 (8 days at $173.50 per day) | 1,188.00 |
| Aug 1–11, 1983 | 2,554.73 |
| Apr 4–16, 1984 | 5,020.61 |

| THOMAS MEMORIAL | |
|---|---|
| Nov 12–25, 1985 | $ 7,022.08 |
| TOTAL HOSPITAL BILLS | $22,435.77 |

Plaintiffs' Exhibit 2
BOYD BEARD—LOST WAGES

Information taken from employer records

| Dates | No. of Days | Daily Pay | Lost Wages |
|---|---|---|---|
| 1976 | | | |
| Feb 23 | 1 | $ 51.48 | $ 51.48 |
| Mar 2–11 | 8 | 51.48 | 411.84 |
| 1981 | | | |
| Aug 7–18 | 9 | $ 84.92 | $ 764.28 |
| 1982 | | | |
| Mar 15–20 | 6 | $ 84.92 | $ 509.52 |
| Aug 30–31 | 2 | 89.64 | 179.28 |
| Sep 7–10 | 4 | 90.73 | 362.92 |

prepared by plaintiffs' counsel and stipulated to by the parties as to authenticity and admissibility.[6] These exhibits were admitted into evidence and were taken by the jury into their deliberations.

The sole issue before this Court focuses upon the trial court's calculation of prejudgment interest on the entire general verdict awarded to the appellee Boyd Beard. The appellant maintains that the trial court erred in awarding appellee Boyd Beard prejudgment interest on that portion of the verdict which exceeded the amount of special damages set forth in the stipulation. The appellees contend that the trial court correctly awarded prejudgment interest on the entire jury verdict since the defendants failed to follow the procedure set forth in *Kirk v. Pineville Mobile Homes, Inc.*, 172 W.Va. 693, 310 S.E.2d 210 (1983) of requesting that a special interrogatory be submitted to the jury to ascertain the amount of special damages.

■ That the appellants' argument that the stipulations themselves fixed the maximum amount of special damages should be disposed of at the outset, for it is without merit. The stipulations went merely to authenticity and admissibility and in no way indicated agreement by the appellants that the expenses were reasonable or that they proximately resulted from the alleged malpractice. Thus, this decision in no way turns on the fact that appellants entered into these stipulations.

■ It is undisputed that the controlling statutory law in West Virginia provides for the award of prejudgment interest on special damage awards. West Virginia Code § 56–6–31 (1981) indicates that:

Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, *as determined by the court.* Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, *as determined by the court.* The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law. (emphasis supplied)

Subsequent to the enactment of the above-mentioned statutory provision, this Court

| Dates | No. of Days | Daily Pay | Lost Wages |
|---|---|---|---|
| 1983 | | | |
| Jan 31 | 1 | $ 91.82 | $ 91.82 |
| Feb 1–3 | 3 | 91.82 | 275.46 |
| Aug 1–12 | 10 | 96.89 | 968.90 |
| 1984 | | | |
| Apr 3–17 | 13 | $100.15 | $1,301.95 |
| 1985 | | | |
| Nov 12–29 | 14 | $105.95 | $1,483.30 |
| TOTAL LOST WAGES: | | | $6,400.75 |

**6.** The stipulation pertaining to the appellee's medical bills was as follows:

It is stipulated by and between all counsel in this case that Plaintiffs' Exhibit Number 1 is a typewritten list of the various medical charges by Thomas Memorial and Pick Memorial Hospital and the Eye and Ear Clinic Hospital, which includes the charge made by Doctor Lim; and it is further agreed and stipulated between counsel that if the proper party were present in court and under oath, they would testify that each one of these bills was reasonable and necessary.

Likewise, the stipulation regarding appellee's lost wages reflected that:

I tender to you [the court] what's going to be identified as Plaintiffs' Exhibit Number 2, which is a summary of lost wages for Boyd Beard, which has been stipulated to by all counsel as stating the lost wages to obviate the need for bringing the witness down to testify to the authenticity of the lost wages, and the defendants reserve all the rights to object to the admissibility of any of the lost wages except on the grounds of authenticity.

has on at least three occasions addressed the implications of prejudgment interest as applied to special damages in the *Kirk,* 172 W.Va. 693, 310 S.E.2d 210,[7] *Grove ex rel. Grove v. Myers,* 181 W.Va. 342, 382 S.E.2d 536 (1989) and *Miller v. Monongahela Power Co.,* 184 W.Va. 663, 403 S.E.2d 406 (1991) decisions. In making a determination of the issue presently before the Court, it is important to examine each of these decisions.

In *Kirk,* a jury awarded appellant homeowners $54,000.00 in damages for loss of their home and personal property and consequential annoyance and inconvenience as the result of a fire. The circuit court refused to award any prejudgment interest on the general verdict, reasoning that annoyance and inconvenience damages were neither liquidated nor special, and thus the appellants were not entitled to prejudgment interest on the entire verdict. 172 W.Va. at 694, 310 S.E.2d at 211.

Upon review of the lower court's decision, this Court determined that prejudgment interest was recoverable on " 'ascertainable pecuniary loss' " in order to " 'fully compensate the injured party for the loss of the use of funds that have been expended.' " *Id.* 172 W.Va. at 694, 310 S.E.2d at 211–12 (quoting *Bond v. City of Huntington,* 166 W.Va. 581, 598, 276 S.E.2d 539, 548 (1981) *superceded by statute as stated in Rice v. Ryder,* 184 W.Va. 255, 400 S.E.2d 263 (1990)). Further, this Court observed that annoyance and inconvenience claims arising from property use loss represent damages which: 1) are "closely tied to the property damage loss"; 2) constitute "a limited amount measured by an objective standard"; and 3) "will [generally] account for only a minor portion of the total damages recovered by a successful plaintiff." 172 W.Va. at 695, 310 S.E.2d at 212–13.

Thus, in *Kirk* we held that

[w]here a general verdict is returned for loss or damage to real and personal property which includes an amount for loss of use arising from annoyance and inconvenience, the plaintiff is entitled to prejudgment interest on the entire amount of the general verdict unless the jury has by separate finding established an amount for such loss of use.

*Id.* 172 W.Va. at 694, 310 S.E.2d at 211, Syl. Pt. 3; *accord* Syl. Pt. 7, *Berry v. Nationwide Mut. Fire Ins. Co.,* 181 W.Va. 168, 381 S.E.2d 367 (1989).

Next, in *Grove,* which was decided after the 1981 amendment to W.Va.Code § 56–6–31, we determined that prejudgment interest on special damages is not only recoverable as a matter of law but "must be calculated and added to those damages by the *trial court rather than by the jury.*" Syl. Pt. 1, in part, 181 W.Va. at 343, 382 S.E.2d at 537 (emphasis added). We further held in that "prejudgment interest on special damages ... is calculated from the date on which the cause of action accrued, which in a personal injury action is, ordinarily, when the injury is inflicted." *Id.,* Syl. Pt. 2.

Finally, in *Miller,* this Court was once again asked to determine whether the trial court had properly awarded prejudgment interest on the entire amount of a $1,116,720.00 verdict where the parties had stipulated[8] to the medical damages and where the plaintiff's economist had already included prejudgment interest in his testimony. 184 W.Va. at 667, 403 S.E.2d at 410. In reversing the lower court's award of prejudgment interest on the entire verdict we discussed the implications of our previous decisions in *Kirk* and *Grove.* Specifically we stated that the holding in syllabus point three of *Kirk* was "one of narrow application" and that "the apparent

---

7. It is important to note that although W.Va. Code § 56–6–31 which was amended in 1981 was in effect at the time we rendered our decision in *Kirk,* the amended statute was not controlling in that case due to the fact that the amended statute could not be retroactively applied to the *Kirk* case. *See* 172 W.Va. at 695 n. 1, 310 S.E.2d at 212 n. 1. Prior to the 1981 amendment, W.Va.Code § 56–6–31 (1931) simply provided that "[e]very judgment or decree for the payment of money, except where it is

otherwise provided by law, shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not."

8. The *Miller* opinion is unclear as to whether the stipulations there dealt only with authenticity and admissibility, or whether indeed they were more substantive in nature as to such damages proximately resulting from the alleged injury.

extension in *Grove* of the rule [9] was, thankfully, never made a syllabus point." *Miller*, 184 W.Va. at 673, 403 S.E.2d at 416. Thus, in *Miller* we held that:

We will not, in every case, refrain from sorting out errors involving prejudgment interest, but when the defendant fails to submit a special jury interrogatory asking the jury to set forth special or liquidated damages, this Court's attention to such errors is entirely a matter of grace and if the subject is deliberately obfuscated by counsel or error is invited, this Court will summarily dismiss the assignment.

*Id.* 184 W.Va. at 665, 403 S.E.2d at 408, Syl. Pt. 7.

As in *Miller*, we find that the prejudgment interest problems in this case were not deliberately invited by defense counsel. We base this determination on our review of the record in this case which, according to criteria set forth in *Miller*, reveals that the defense counsel has not taken any action to deliberately confuse the issues in this case nor has defense counsel "deliberately introduce[d] convoluted and intricate argument about problems that could have easily been cured by a *Grove* special interrogatory ..." *Id.* 184 W.Va. at 673, 403 S.E.2d at 416. Further, in the *Miller* case we attempted to "clarify the *Grove* rule ... by adding that when the lawyers and the trial court can sort out the parts of a judgment on which interest should be added, even without special interrogatories, the trial court should do so." *Id.*

▆ It is obvious that the amount of special damages in the instant case were easily ascertainable. Consequently, following the principles enunciated not only in the *Grove* and *Miller* decisions but also found in W.Va.Code § 56–6–31, we hold that it is the duty of the trial court to ascertain where possible, the amount of special damages proved at trial as well as the actual accrual date of the damages. Prudent defense counsel should continue to seek a special interrogatory on the issue of special damages where it would aid the trial court in its determinations, but failure to submit a special interrogatory will not necessarily

justify an award of prejudgment interest on the entire verdict by the trial court. However, in the face of such failure to submit a special interrogatory, the trial court should give the plaintiff the benefit of any doubt in the calculation of prejudgment interest.

▆ Accordingly, it was error for the trial court to award prejudgment interest on the entire jury verdict since it was clear that the maximum amount of special damages which were proven at trial was $28,836.52 and therefore, the appellees, even when given the benefit of viewing the evidence on damages in their most favorable light, were only entitled to prejudgment interest on that amount.

For the reasons set forth in this opinion, the final judgment of the Circuit Court of Kanawha County is hereby reversed and the case is remanded to the circuit court with directions to enter judgment with prejudgment interest only being added to special damages in the amount of $28,836.52.

Reversed and remanded with directions.

**9.** The rule the Court was referring to was that a special interrogatory should be submitted to the jury by the defendant so that the jury could designate the amount of special or liquidated damages, and if this procedure was not followed

and only a general verdict was returned, then the plaintiff was entitled to prejudgment interest on the entire amount. *Miller*, 184 W.Va. at 673, 403 S.E.2d at 415–16.