414 S.E.2d 442

**Jess Timmy PERDUE, Jr., Plaintiff Below, Appellee,**

v.

**Darren S. DOOLITTLE and Murray Sheet Metal Company, a Corporation, Defendant Below, Appellant.**

**No. 19991.**

Supreme Court of Appeals of West Virginia.

Jan. 27, 1992.

William L. Jacobs, Parkersburg, for appellee.

C. Blaine Myers, Myers & Zivkovich, Parkersburg, for appellant.

## PER CURIAM:

This is an appeal from a final judgment of the Circuit Court of Wood County rendered on July 18, 1990. The sole issue to be determined upon appeal is whether prejudgment interest was appropriately calculated.[1] The appellant contends that the lower court erred in awarding prejudgment interest on the entire verdict, rather than only upon special or liquidated damages. We agree with the contentions of the appellant and reverse the Circuit Court of Wood County.

## I.

The plaintiff/appellee, Jess Timmy Perdue, Jr., filed a complaint in December 1988 based upon injuries he received in a collision which occurred on September 14, 1987, between a truck operated by the defendant/appellant, Darren S. Doolittle, and a bicycle operated by Mr. Perdue. The truck operated by Mr. Doolittle was owned by defendant/appellant, Murray Sheet Metal Company.

Based upon a jury verdict of $300,000.00, assessing the plaintiff with thirty percent comparative negligence and the defendants with seventy percent comparative negligence, the lower court awarded prejudgment interest on the entire amount from the date of the accident. The defendants objected and argued that the only damages to which prejudgment interest should attach consisted of $95,000.00 of medical expenses introduced by the plaintiff and not disputed by the defendants. The lower court, however, determined that prejudgment interest should be awarded on the entire verdict since no special jury interrogatory was submitted upon which the jury could have designated the specific amounts encompassed within the $300,000.00 total damages.[2]

The defendants have paid the plaintiff the judgment award, prejudgment interest on seventy percent of the undisputed $95,000.00 medical expenses from September 14, 1987, and post-judgment interest upon the entire verdict to date of payment. It is only the prejudgment interest upon the unspecified remaining portion of the $300,000.00 that is disputed for purposes of this appeal. We conclude that prejudgment interest should attach only to the $95,000.00 medical expenses specifically proven, undisputed by the defendants, and already paid by the defendants. No additional amount of prejudgment interest is required.

## II.

As we explained in syllabus point 1 of *Grove ex rel. Myers,* 181 W.Va. at 342,

---

1. Although other errors were alleged in the appellant's petition for appeal, this Court granted the appeal solely on the issue of the calculation of prejudgment interest. Consequently, only that issue is addressed.

2. The submission of such a special interrogatory would have been in accord with the procedure set forth in *Kirk v. Pineville Mobile Homes, Inc.,* 172 W.Va. 693, 310 S.E.2d 210 (1983), in which we explained that a special interrogatory should be submitted to a jury to allow the jury to designate the amount of special or liquidated damages. *See also Grove ex rel. Grove v. Myers,* 181 W.Va. 342, 382 S.E.2d 536 (1989).

382 S.E.2d at 536 "[u]nder *W.Va.Code,* 56–6–31, as amended, prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury." [3]

We have addressed the application of W.Va.Code § 56–6–31 on several occasions. *See i.e. Beard v. Lim,* 185 W.Va. 749, 408 S.E.2d 772 (1991); *Miller v. Monongahela Power Co.,* 184 W.Va. 663, 403 S.E.2d 406, *cert. denied,* —— U.S. ——, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991); *Grove,* 382 S.E.2d at 539; *Kirk v. Pineville Mobile Homes, Inc.,* 172 W.Va. 693, 695, 310 S.E.2d 210, 212 (1983). We indicated in the *Kirk* and *Grove* decisions that the use of a special interrogatory was advisable to determine the amount of special or liquidated damages. We also indicated in those decisions that the absence of such special interrogatory and the concomitant lack of any basis for awarding prejudgment interest only upon specified amounts could result in an award of prejudgment interest upon the entire amount of the verdict. In *Miller* and *Beard,* however, we emphasized that such a drastic result would not be permitted where an ascertainment of the amount of special or liquidated damages could be easily made. Specifically, in syllabus point 7 of *Miller,* we held the following:

We will not, in every case, refrain from sorting out errors involving prejudgment interest, but when the defendant fails to submit a special jury interrogatory asking the jury to set forth special or liquidated damages, this Court's attention to such errors is entirely a matter of grace and if the subject is deliberately obfuscated by counsel or error is invited, this Court will summarily dismiss the assignment.

184 W.Va. at 665, 403 S.E.2d at 408.

Furthermore, we explained in *Miller* that "when the lawyers and the trial court can sort out the parts of a judgment on which interest should be added, even without special interrogatories, the trial court should do so." 184 W.Va. at 673, 403 S.E.2d at 416. We also emphasized in *Miller* that "[o]ur job is not to bail careless defense counsel out of problems of their own making, but neither is it to provide a windfall for plaintiffs who sit by and allow the matter of damages and prejudgment interest to become hopelessly confused." *Id.*

Furthermore, in syllabus point 3 of *Beard,* we explained the following:

It is the duty of the trial court to ascertain where possible, the amount of special damages proved at trial as well as the actual accrual date of the damages. Prudent defense counsel should continue to seek a special interrogatory on the issue of special damages where it would aid the trial court in its determinations, but failure to submit a special interrogatory will not necessarily justify an award of prejudgment interest on the entire verdict by the trial court. However, in the face of such failure to submit a special interrogatory, the trial court should give the plaintiff the benefit of any doubt in the calculation of prejudgment interest.

185 W.Va. at 750, 408 S.E.2d at 773.

We find that the confusion regarding prejudgment interest encountered in

---

**3.** West Virginia Code § 56–6–31 (1981) provides as follows:

Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court. The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionally for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

the present case was not deliberately invited by counsel for the defendants. Based upon our review of the record, we find that counsel for the defendants took no action obviously designed to obfuscate or confuse the issues. Moreover, we find that this case presents an excellent example of the type of situation we referenced in *Miller* when we advised the trial courts to sort out the parts of the judgment to which prejudgment interest should be added if such an ascertainment could be made. 184 W.Va. at 673, 403 S.E.2d at 416. In the present case, the only specific or liquidated damages claimed were the $95,000.00 medical damages introduced and undisputed. If the defendants had disputed the $95,000.00 figure, it would be impossible to speculate regarding the jury's resolution of the dispute. However, such dispute did not arise throughout the entire proceeding.

Accordingly, we believe that it was error for the lower court to award prejudgment interest on the entire jury verdict in light of the fact that the $95,000.00 medical damages amount was definitely ascertainable as the extent of the special or liquidated damages which were proven at trial. Consequently, even when viewing the evidence on damages in a light most favorable to the plaintiff/appellee, the only prejudgment interest to which he is entitled is upon the $95,000.00 medical damages amount.

We therefore reverse the final judgment of the Circuit Court of Wood County and remand this case with directions to enter an order requiring only the payment, as already satisfied by the defendants, of prejudgment interest on the $95,000.00.

Reversed and remanded.