ERIKSEN CONSTRUCTION CO., INC.
a Nebraska corporation, Plaintiff,

v.

Nicholas MOREY, Jr., d/b/a Contractors
Equipment Company and Contractors
Quality Cranes, Defendant.

Civil Action No. 6:95–0190.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

April 23, 1996.

John Philip Melick, Jackson & Kelly, Charleston, WV, Gregory P. Drew, Blair, NE, for plaintiff.

C. Page Hamrick, III, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiff's post-trial motions for prejudgment interest and for award of attorney fees and expenses. The parties have submitted their respective memoranda and the matters are mature for the Court's consideration.

## I.

### PREJUDGMENT INTEREST

Pursuant to West Virginia Code § 56–6–31, Plaintiff moves to amend the March 4, 1996 Judgment to add prejudgment interest to its compensatory damages award. The jury awarded sixty thousand four hundred eighty seven dollars and twenty cents ($60,-487.20) in compensatory damages for Plain-

tiff's estimated crane damages and out-of-pocket expenditures necessary to conform the crane to the parties' agreement.

■ West Virginia law provides for the award of prejudgment interest at a rate of ten percent (10%) per annum with respect to special damages or out-of-pocket expenses:

"[I]f the judgment or decree, or any part thereof, is for special damages ... the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost wages and income, ... *damages to personal property, and similar out-of-pocket expenditures,* as determined by the court. The rate of interest shall be ten dollars upon one hundred dollars per annum...."

W.Va.Code § 56–6–31 (emphasis added). Under this statute, "prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury." *Perdue v. Doolittle,* 186 W.Va. 681, 414 S.E.2d 442, Syl.Pt. 1 (1992) (quoting *Grove v. Myers,* 181 W.Va. 342, 382 S.E.2d 536, Syl.Pt. 1 (1989)).

■ Here, the jury found the Defendant committed breach of contract, breach of express and implied warranties, and fraud. The jury further attributed the entire amount of sixty thousand four hundred eighty seven dollars and twenty cents ($60,487.20) in compensatory damages to fraud. Based upon this verdict, W.Va.Code § 56–6–31 applies to this case and the Court must assess prejudgment interest.

■ Under the Uniform Commercial Code, interest should accrue from the date Plaintiff's right to recover damages for nonconformity arose. W.Va.Code § 46–2–714. Here, prejudgment interest accrues from June 2, 1994, the date Plaintiff received the defective crane. Prejudgment interest at a rate of ten percent (10%) from June 2, 1994 through February 29, 1996, the effective date of the judgment, is ten thousand five hundred fifty-five dollars and two cents ($10,555.02).[1]

Accordingly, the Court **GRANTS** Plaintiff's Motion for Prejudgment Interest and amends the Judgment to award ten thousand five hundred fifty five dollars and two cents ($10,555.02) in prejudgment interest.

## II.

### ATTORNEYS FEES AND EXPENSES

■ Plaintiff moves to amend the Judgment entered March 4, 1996 to require Defendant to pay Plaintiff: (1) attorneys fees in the amount of forty percent (40%) of the total judgment amount of one hundred thirty seven thousand forty-two dollars and twenty-two cents ($137,042.22)[2] and (2) two thousand five hundred fifty-six dollars and thirty cents ($2,556.30) in costs.[3] Defendant opposes the motion and objects to the reasonableness of the percentage amount claimed by the Plaintiff. Defendant maintains attorneys fees, if any, should be limited to thirty-three and one third percent (33⅓%) of the judgment. The Court disagrees.

■ Attorneys fees are recoverable for fraud in West Virginia.

"Where it can be shown by clear and convincing evidence that a defendant has engaged in fraudulent conduct which has injured a plaintiff, recovery of reasonable attorney's fees may be obtained in addition to the damages sustained as a result of the fraudulent conduct."

*Bowling v. Ansted Chrysler–Plymouth–Dodge, Inc.,* 188 W.Va. 468, 425 S.E.2d 144,

---

1. The period from June 2, 1994, to February 29, 1996, is 637 days, or 1.745 years. Ten percent (10%) of $60,487.20 in compensatory damages is $6,048.72 which, when multiplied by 1.745, equals $10,555.02. Plaintiff seeks simple interest and the Court computes the award on that basis.

2. Under West Virginia law, an award of compensatory damages includes prejudgment interest. *Capper v. Gates,* 193 W.Va. 9, 454 S.E.2d 54, Syl.Pt. 3 (1994) ("In contract or tort actions, prejudgment interest is available to a litigant as part of compensatory damages...."").

3. Plaintiff submitted appropriate documentation and itemization of these costs and fees, including counsel's employment contract with the Plaintiff, affidavits of counsel John Philip Melick and Gregory P. Drew, and itemized invoices for legal services and expenses.

Syl.Pt. 4 (1992); *see also Capper v. Gates,* 193 W.Va. 9, 454 S.E.2d 54, 64–65 (1994).

■ Here, the jury found Defendant breached his contract and warranties with Plaintiff. The jury further found by clear and convincing proof the Defendant had defrauded the Plaintiff. The jury attributed all sixty thousand four hundred eighty-seven dollars and twenty cents ($60,487.20) in compensatory damages to Defendant's fraudulent conduct, and awarded an additional sixty-six thousand dollars ($66,000.00) in punitive damages. Clearly, attorneys fees are recoverable in this case.

■ The Court has a duty to review attorneys fees and to limit them to a reasonable amount. *Allen v. United States,* 606 F.2d 432, 435 (4th Cir.1979). Reasonable attorneys fees consist of the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Even where, as here, the defendant "has not challenged the number of hours claimed, [the Court] has the responsibility of determining whether the fees sought are *reasonable.*" *Broyles v. Director,* 974 F.2d 508, 510 (4th Cir.1992) (emphasis in original). Both the Supreme Court and the United States Court of Appeals for this Circuit have endorsed the twelve guidelines for calculating a reasonable fee set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[4] *See, e.g., Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Plyler v. Evatt,* 902 F.2d 273, 277 n. 2 (4th Cir.1990). These factors apply to fee requests under a private fee agreement. *Allen,* 606 F.2d at 435 (citations omitted). Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9. Nevertheless, " 'the most critical factor'

in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Farrar v. Hobby,* 506 U.S. 103, 113, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992).

■ The fee applicant has the burden of establishing the reasonableness of any requested rate, and the prevailing market rate should guide any fee inquiry. *Plyler,* 902 F.2d at 277. In addition to affidavits from counsel, "the fee applicant must produce satisfactory 'specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.' " *Id.* at 277 (citations omitted).

■ Based upon counsel's employment contract with the Plaintiff, Plaintiff seeks forty percent (40%) of the total judgment. The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. *See Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73, 80 (1986). Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.

Circumstances surrounding this litigation complicated counsel's preparation of the case. Plaintiff's place of business in Blair, Nebraska is a long distance from Plaintiff's trial counsel in Charleston, West Virginia. The continuing involvement of Plaintiff's Nebraska counsel, Gregory P. Drew, was reasonably necessary to minimize the time and expense in preparation for trial.

■ Plaintiff's ultimate success at trial further justifies attorneys fees in the amount of forty percent (40%). Plaintiff's thorough preparation exposed the transparent efforts of Defendant Morey to disguise his fraud. Plaintiff's cross-examination of Defendant Morey revealed Morey lied at his December 1, 1995 deposition and/or at trial about: (1) the removal and replacement of the crane's radiator; (2) his conversations with Eriksen about the vintage and serial number of the

---

**4.** The *Johnson* factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and, (12) attorneys fee awards in similar cases.

crane; and (3) his conversations with Eriksen about the condition of a Grove "trade-in" crane.[5] Moreover, Plaintiff recovered sixty thousand four hundred eighty seven dollars and twenty cents ($60,487.20), the entire amount of compensatory damages sought, as well as sixty-six thousand dollar ($66,000.00) award of punitive damages.

The Court has reviewed Plaintiff's submission of fees and costs and finds the fees requested are reasonable. The Court also finds Defendant's objections are without merit. Accordingly, the Court **GRANTS** Plaintiff's motion and awards Plaintiff the sum of fifty-four thousand eight hundred sixteen dollars and eighty-nine cents ($54,-816.89)[6] as attorneys fees and two thousand five hundred fifty-six dollars and thirty cents ($2,556.30) as costs. Defendant Nicholas Morey, Jr. is **ORDERED** to tender this amount to Plaintiff forthwith, but in any event within ten (10) days of the entry date of this Memorandum Opinion and Order.

---

**5.** The Court notes Defendant Morey's conduct alone could be sanctioned through an award of attorneys fees. *See Miller v. Lambert*, 467 S.E.2d 165, Syl.Pt. 6 (W.Va.1995) ("There is authority in equity to award to the prevailing litigant his or her reasonable attorneys' fees and 'costs' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons."); *see also Blair v. Shenandoah Women's Center, Inc.*, 757 F.2d 1435 (4th Cir.1985) (upholding trial court order direct-ing litigant and his attorney to pay attorneys fees pursuant to 28 U.S.C. § 1927).

**6.** Including prejudgment interest, the total judgment is one hundred thirty seven thousand forty-two dollars and twenty-two cents ($137,042.22). Forty percent (40%) of this amount is fifty-four thousand eight hundred sixteen dollars and eighty-nine cents ($54,816.89).