# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harrison County Development Authority**
**Petitioner, Plaintiff Below**

**vs)  No. 14-0964** (Harrison County Business Court 12-C-504-3)

**Tetrick & Bartlett, PLLC**
**Respondent, Defendant Below**

**FILED**

November 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Harrison County Development Authority ("HCDA"), by counsel James A. Varner, Sr., Debra Tedeschi Varner, and Jeffrey D. Van Volkenburg, appeals the August 26, 2014, order of the Circuit Court of Harrison County denying HCDA's post-trial motion for an award of prejudgment interest. Respondent, Tetrick & Bartlett, PLLC, by counsel John F. McCuskey and Jennifer L. Tampoya, filed a response in support of the circuit court's order. HCDA submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the late 1990s through 2011, respondent completed annual financial statement audits for HCDA. Beginning in or around 2000, an HCDA employee began embezzling HCDA funds, and using HCDA's credit card for her personal expenditures (including food, household items and gifts). The embezzlement was not discovered until 2011, when HCDA's president (an accountant) became suspicious of the employee's inability to produce backup documentation for expense checks she had written. This suspicion led to a Harrison County Sheriff's Department investigation, which resulted in criminal charges being filed against the embezzling employee.[1]

In late November of 2012, the HCDA filed a lawsuit against respondent alleging claims of negligence, negligent misrepresentation, and breach of fiduciary duty.[2] HCDA alleged that, as part of respondent's yearly audit of HCDA's financial transactions, respondent was required to

---

[1]In November of 2011, the employee pled guilty to one count of embezzlement, and was ordered to make restitution in the amount of $257,479.41.

[2]HCDA's claim for breach of fiduciary duty was dismissed prior to trial.

1

examine supporting documentation for selected credit card transactions to assure that HCDA's expenses were properly classified and appropriate for the organization. HCDA contends that respondent's review of HCDA's credit card statements, for which no documentation was provided, should have triggered further inquiry, and that this further inquiry would have led to the earlier discovery of the employee's embezzlement.

The case was ultimately referred to the Business Court Division of Harrison County Circuit Court, where it was tried in May of 2014. During trial, the HCDA proffered evidence of respondent's alleged negligence through the testimony of Lt. McCarty of the Harrison County Sheriff's Department (the officer who completed the criminal investigation of the embezzlement) and HCDA's retained expert, Mr. Zandman. Respondent offered rebuttal expert testimony through its own retained expert, Harry Potter.

At trial, respondent was critical of the methodology used by Lt. McCarty for determining the total amount of the embezzlement. Instead of using the actual cancelled checks for backup, Lt. McCarty relied on HCDA's Quick Books check register, for an accounting of all checks issued (for payment of credit card statements) by HCDA from 2004-2010. Further, Lt. McCarty did not determine what part of this total in credit card payments constituted embezzled funds, and what payments represented HCDA's legitimate expenses.[3] Respondent was further critical of Lt. McCarty's report and findings because the same did not reference the failure of the HCDA's board members (who co-endorsed checks written by the embezzling employee for payment of her personal credit card expenses) to check the propriety of the payments issued by the embezzling employee. Respondent argued that its auditors justifiably relied on the belief that each check issued by the HCDA was being co-signed by an HCDA board member, and that the board member was actually checking and reviewing backup documentation before endorsing the checks.

Following a six day trial, the jury found respondent guilty of negligence which proximately caused or contributed to the HCDA's losses.[4] The jury also determined that the HCDA itself was guilty of negligence which proximately contributed to the failure of respondent to properly perform its audit responsibilities for the HCDA. The jury found respondent 51% negligent, and HCDA 49% comparatively negligent. The jury awarded HCDA total damages of $221,000. Given HCDA's comparative negligence, the circuit court entered judgment against respondent in the amount of $112,710.00, together with post-judgment interest.

---

[3]The untrustworthiness of Lt. McCarty's report was exemplified by his reference to an HCDA check (to a credit card company) which he believed to total over $39,000, but which he acknowledged at trial totaled, $4,000, a $35,000 error in the amount of his calculation of HCDA's embezzlement losses.

[4]The jury further found that respondent was guilty of misrepresenting the financial statements of the HCDA, which proximately caused or contributed to the HDCA's losses.

On August 5, 2014, HCDA filed a post-trial motion requesting an award of prejudgment interest.[5] After briefing and oral argument, on August 26, 2014, the circuit court entered its order denying HCDA's request for prejudgment interest. In its August 26, 2014, order, the circuit court ruled that the jury's verdict was based upon a series of audits performed by respondent over a span of several years, with each audit performed creating a possible separate actionable event. The circuit court found that the jury was not provided with any evidence to determine in which year the jury found that any actionable negligence occurred or the amount alleged to have been embezzled during that time period. The circuit court ruled that given the evidence presented to the jury, and in light of the amount of the jury verdict, no "ascertainable pecuniary loss" could be determined, and that the jury award was not subject to a reasonable calculation. It is from the circuit court's August 26, 2014, order that HCDA now appeals.

On appeal, HCDA asserts one assignment of error – that the circuit court erred in holding that no "actionable pecuniary loss" could be determined, and that the judgment against respondent was not subject to "reasonable calculation" to permit an award of prejudgment interest. In *Gribben, et al v. Kirk*, 195 W.Va. 488, 500, 466 S.E.2d 147, 159 (1995), we discussed the standard of review for awards of prejudgment interest, and noted that

> [i]n reviewing a circuit court's award of prejudgment interest, we usually apply an abuse of discretion standard. *See generally Perdue v. Doolittle*, 186 W.Va. 681, 414 S.E.2d 442 (1992). Under the abuse of discretion standard, we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bounds of permissible choices in the circumstances. However, when the award hinges, in part, on an interpretation of our decisional or statutory law, we review *de novo* that portion of the analysis.

We further stated in *Gribben* that "[p]rejudgment interest may be calculated within the range of the circuit court's discretion to roughly and fairly compensate the plaintiff. Our review of such a decision is based upon the abuse of discretion standard." 195 W.Va. at 501-02, 466 S.E.2d at 161. With this recitation of the applicable standards of review, we shift our focus to the merits' of the parties' contentions.

An award of prejudgment interest in tort actions is governed by West Virginia Code § 56-6-31, which provides, in pertinent part, that:

> [e]xcept where it is otherwise provided by law, every judgment or decree for the payment of money . . . entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, That if the judgment or decree, or any part thereof, is for special damages . . . the amount of the special . . . damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued[.] . . . Special damages includes lost wages and income, medical

---

[5]HCDA contends that the calculation of prejudgment interest, in favor of HCDA, should run from 2004, based on the entire amount of the jury's verdict.

3

expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court.

In syllabus point three of *Capper v. Gates*, 193 W.Va. 9, 454 S.E.2d 54 (1994), we held that "[i]n contract or tort actions, prejudgment interest is available to a litigant as part of compensatory damages if there is an ascertainable pecuniary loss.[6]" However, interest on this type of pecuniary loss "is of limited applicability since it involves only pecuniary losses that are subject to reasonable calculations that exist at the time of the trial." *Bond v. City of Huntington*, 166 W.Va. 581, 601, 276 S.E.2d 539, 550 (1981).

In the instant case, the circuit court concluded that "special damages" as referenced in West Virginia Code § 56-6-31 could include funds embezzled by an employee as ". . . similar out-of-pocket expenditures . . . ." In *Grove by and through Grove v. Myers*, 181 W.Va. 342, 347, 382 S.E.2d 536, 541 (1989), we noted that "[i]t is clear that *W.Va. Code* § 56-6-31 requires [the] trial court to determine which damages are special damages and to determine the date on which the right to bring the action for such damages accrued." In the case herein, the HCDA argues that it is entitled to prejudgment interest because its damages (i.e., embezzlement losses) were special damages under West Virginia Code § 56-6-31. Conversely, respondent argues that the HCDA is not entitled to prejudgment interest because it has suffered no out-of-pocket expenditures or precisely calculable pecuniary losses, as required by West Virginia Code § 56-6-31. Based upon our review of the record before us and the limited circumstances of this case, we agree with respondent, and find that HCDA was not entitled to prejudgment interest because its losses were not subject to a reasonable calculation.[7]

In its August 26, 2014, order, the circuit court found that each audit respondent performed for HCDA created a possible separate actionable event, and that the jury herein was not provided any evidence to determine in which year either parties' actionable negligence occurred or the amounts that were embezzled during that specific time period. As such, there was neither a mechanism for determining HCDA's "ascertainable pecuniary loss," nor were HCDA's losses subject to a reasonable calculation. Based upon our review of the record before us, we agree and find that the circuit court did not abuse its discretion, or err, in finding that HCDA was not entitled to prejudgment interest as to its claims against respondent herein.

---

[6]In *Grove* this Court noted that "[a]scertainable pecuniary losses, upon which prejudgment interest . . . may be awarded, are losses that are certain or capable of being rendered certain by reasonable calculation." 181 W.Va. at 347, 382 S.E.2d at 541.

[7]We decline to address the parties' arguments regarding the classification of embezzlement losses as "special damages" under the purview of West Virginia Code § 56-6-31, as the determination of the issues regarding the HCDA's "ascertainable pecuniary loss" and whether HCDA's losses were subject to a reasonable calculation are dispositive as to HCDA's appeal herein.

4

Affirmed.

**ISSUED:**  November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis