726 S.E.2d 41

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Below, Petitioner

v.

## Sheila Ann RUTHERFORD, Plaintiff Below, Respondent.

### No. 101556.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 2011.

Decided Nov. 17, 2011.

David A. Mohler, Esq., Greg S. Foster, Esq., Bowles Rice McDavid Graff & Love, Charleston, WV, for State Farm Mutual Automobile Insurance Company.

Tim C. Carrico, Esq., Carrico Law Offices, Charleston, WV, for Sheila Ann Rutherford.

PER CURIAM:

Petitioner State Farm Mutual Automobile Insurance Company appeals the July 16, 2010, order of the Circuit Court of Kanawha County that determined prejudgment interest on a jury verdict awarded to Respondent Sheila Ann Rutherford in her action against State Farm for underinsurance benefits. After careful consideration of the parties' arguments and the applicable law, this Court reverses the circuit court's order and remands this case for the circuit court to recalculate prejudgment interest on the judgment against State Farm in a manner consistent with this opinion.

## I.

### FACTS

Respondent and plaintiff below, Sheila Ann Rutherford, was injured in a car accident on July 13, 2002. Ms. Rutherford filed suit against defendants Olive McClanahan and the Kanawha County Commission and provided notice of the suit to her underinsured carrier, State Farm. She subsequently entered into a partial settlement with Defendant Olive McClanahan for $100,000, which represented the policy limits of Ms. McClanahan's liability insurance coverage. Thereafter, Ms. Rutherford entered into a partial settlement agreement with the other tortfeasor, the Kanawha County Commission, for $30,000.

Ms. Rutherford then proceeded against State Farm, her underinsurance carrier. State Farm elected to defend the action in the name of one of the tortfeasors, Ms. McClanahan, and challenged both liability and damages at trial.

On September 29, 2008, the jury in Ms. Rutherford's action against State Farm returned a verdict of $175,000, in favor of Ms. Rutherford which included $170,000 in special damages.[1] As a result of the previous settlements with Ms. McClanahan's liability insurer and the Kanawha County Commission, the circuit court found that State Farm was entitled to a *pro tanto* offset of $130,000. Thus, State Farm owed a judgment in the amount of $45,000 to Ms. Rutherford which it subsequently paid.

Thereafter, Ms. Rutherford and State Farm disputed the proper method the circuit court was to use in determining the amount of prejudgment interest on the special damages portion of the judgment. Ms. Rutherford asserted that she is entitled to prejudgment interest on the entire amount of her special damages of $170,000, at the statutory interest rate of 10% from the date of her car accident on July 13, 2002, to the date of the verdict on September 29, 2008. Ms. Rutherford alleged that prejudgment interest on $170,000 based on her method of calculation is $105,819.18.

State Farm asserted, on the other hand, that in determining the amount of prejudgment interest, the circuit court first should deduct the pretrial settlement proceeds of $130,000 from the verdict amount of $175,000. State Farm noted that the special damages of $170,000 amount to 97% of the

---

1. The jury assessed damages in favor of Ms. Rutherford as follows:

| | |
|---|---|
| Medical Expenses | $147,000 |
| Loss of Wages and Future Loss of Earnings | $ 20,000 |
| Pain and Suffering, Past and Future | $ 5,000 |
| Loss of Enjoyment of Life, Past and Future | $ 0 |
| Loss of Household Services | $ 3,000 |

total verdict of $175,000. Therefore, State Farm contended that 97% of the remaining amount of $45,000, after the application of the *pro tanto* offset, is the proper amount on which to calculate the prejudgment interest. According to State Farm, because 97% of $45,000 is $43,650, this is the amount of special damages on which to calculate prejudgment interest. State Farm further averred that the proper statutory rate of interest to use in determining the amount of prejudgment interest is not the 10% which was the applicable rate of interest in 2002, but rather 8.25% which was the applicable rate of interest in 2008, the year of Ms. Rutherford's judgment against State Farm. Using a rate of interest of 8.25% and a special damages figure of $43,650, State Farm concluded that Ms. Rutherford's prejudgment interest should be $22,326.98.

The circuit court rejected the arguments of both parties. By order entered on July 16, 2010, the circuit court calculated the prejudgment interest as follows:

This Court finds that as a matter of law the figure used to calculate the Plaintiff's prejudgment interest for the period of July 13, 2002 through March 9, 2004 is $170,000. This Court further finds that for the period of March 10, 2004, the date upon which plaintiff received $100,000 from Defendant Olive McClanahan's liability carrier, to March 16, 2008, the figure used to determine the plaintiff's prejudgment interest is $70,000. This Court further finds that for the period from March 17, 2008, the date

upon which the Plaintiff received $30,000 from the Defendant, Kanawha County Commission, through September 29, 2008, the date of the jury verdict, the figure used to determine plaintiff's prejudgment interest is $40,000. Therefore, the Plaintiff, Sheila Rutherford, is entitled to prejudgment interest in the amount of $58,517.81. (Footnote omitted).

State Farm now appeals the circuit court's July 16, 2010, order and raises three assignments of error.

## II.

## STANDARD OF REVIEW

■ In this case, this Court is asked to decide three issues, all of which concern the proper way to determine the amount of prejudgment interest on a judgment or decree. Each of the three issues is a question of law. Therefore, this Court's review is *de novo*. *See* Syllabus Point 2, in part, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997) (holding that "[q]uestions of law are subject to a *de novo* review.").

## III.

## DISCUSSION

### A.

■ The issues in this case are controlled by W. Va.Code § 56–6–31 (1981), our prejudgment interest statute, and this Court's case law construing the statute.[2]

2. West Virginia Code § 56–6–31 was amended in 2006. However, the 1981 version of the statute is applicable under these facts because this version of the statute was in effect when Ms. Rutherford's case accrued in 2002. The 2006 version of the statute provides:

(a) Except where it is otherwise provided by law, every judgment or decree for the payment of money, whether in an action sounding in tort, contract or otherwise, entered by any court of this state shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, That if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of special or liquidated damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, as determined by the court and that established

rate shall remain constant from that date until the date of the judgment or decree, notwithstanding changes in the federal reserve district discount rate in effect in subsequent years prior to the date of the judgment or decree....

(b) Notwithstanding the provisions of section five [§ 47–6–5], article six, chapter forty-seven of this code, the rate of interest on judgments and decrees for the payment of money, including prejudgment interest, is three percentage points above the Fifth Federal Reserve District secondary discount rate in effect on the second day of January of the year in which the judgment or decree is entered: Provided, That the rate of prejudgment and post-judgment interest shall not exceed eleven percent per annum or be less than seven percent per annum. The administrative office of the Supreme Court of Appeals shall annually determine the interest rate to be paid upon

West Virginia Code § 56–6–31 (1981), provides:

> Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court. Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court. The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

In applying this statute to the facts before us, this Court is mindful that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus Point 1, *Smith v. State Workmen's Comp. Com'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). We are further cognizant of our rule that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

This Court now turns to the specific issues in this case.

First, State Farm assigns as error the circuit court's treatment of the prior settlements in calculating the prejudgment interest on the verdict below. According to State Farm, the circuit court should have determined prejudgment interest on the special damages portion of the judgment against State Farm after deducting the $130,000 in settlements from the $175,000 verdict. State Farm cites several cases from other jurisdictions in support of its position. *See, e.g., CAMC v. Parke–Davis*, 2001 WL 34852736 (N.D.W.Va.).

Ms. Rutherford replies that the Legislature did not intend for courts to calculate prejudgment interest after reducing the amount of the jury verdict by the amount of settlement monies previously paid. Ms. Rutherford points out that the prejudgment interest statute clearly provides that "the amount of special or liquidated damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, and determined by the court." The statute does not say that the amount of special or liquidated damages *after offset* shall bear interest. Also, if the Legislature had intended for the calculation of prejudgment interest on the verdict after allowing for offsets, it could have so provided as it clearly did in W. Va.Code § 56–6–27, which indicates that in any action founded on contract, the jury "shall find the aggregate of principal and interest due at the time of the

judgments or decrees for the payment of money and shall take appropriate measures to promptly notify the courts and members of the West Virginia State Bar of the rate of interest in effect for the calendar year in question. Once the rate of interest established by a judgment or decree as provided in this section, that established rate shall thereafter remain constant for that particular judgment or decree, notwithstanding changes in the Federal Reserve District discount rate in effect in subsequent years.

(c) Amendments to this section enacted by the Legislature during the year two thousand six regular session shall become effective the first day of January, two thousand seven.

The 1923 version of W. Va.Code § 56–6–31, addressed only post-judgment interest and provided that "[e]very judgment or decree for the

payment of money, except where it is otherwise provided by law, shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not." In 1981, in our opinion in *Bond v. City of Huntington*, 166 W.Va. 581, 276 S.E.2d 539 (1981), *superseded by statute as stated in Rice v. Ryder*, 184 W.Va. 255, 400 S.E.2d 263 (1990), this Court extended the traditional availability of prejudgment interest in contract actions to those based on tort. In Syllabus Point 5 of *Bond, supra*, this Court held that "[a] rule permitting additional damages by way of compensatory interest on pecuniary losses incurred prior to trial in personal injury actions as well as wrongful death claims is consistent with our prior case law and our liberal interest statute." Shortly thereafter, the Legislature amended W. Va.Code § 56–6–31 to provide for prejudgment interest, effective July 5, 1981.

trial, *after allowing all proper credits, payments and set-off.*" (emphasis added).

In addition, Ms. Rutherford contends that her position is supported by the fact that our common law establishes that prejudgment interest is an additional compensatory damage that is necessary to make the person whole. For this reason, prejudgment interest should be based on the entire amount of special damages awarded by the jury notwithstanding the receipt of settlement monies before trial. Moreover, Ms. Rutherford asserts that State Farm's prejudgment interest calculation contains inherent problems which the Legislature intended to avoid. Specifically, under State Farm's method, trial courts would be required to involve themselves in the complications associated with determining prejudgment interest on each element of special damages from the respective dates on which each element was incurred. Finally, Ms. Rutherford asserts that State Farm's reliance on decisions of other courts is misplaced because those decisions can be distinguished from the present facts.

After carefully considering the parties' arguments, decisions of other jurisdictions, and the applicable statutory language, this Court finds that the circuit court should have calculated prejudgment interest on the special damages portion of the $45,000.00 judgment against State Farm and not the special damages portion of the entire verdict of $175,000. Significantly, W. Va.Code § 56–6–31 provides for the payment of prejudgment interest on the special damages portions of "every judgment or decree for the payment of money." This language is clear and unambiguous. It plainly indicates that payment of prejudgment interest shall be on the special damages portions of *judgments* or *decrees* for the payment of money, not on verdicts. Ms. Rutherford's judgment against State Farm was not for $175,000. Rather, the judgment directed that State Farm pay to Ms. Rutherford $45,000.00 on her underinsurance claim. Therefore, State Farm should pay prejudgment interest on the special damages portion of the $45,000 judgment.

Our conclusion on this issue is in line with the general rule that "[w]here a settlement is made with a codefendant, interest generally is to be computed only on the amount of the judgment obtained against a remaining codefendant, and not on the amount of a settlement which the plaintiff has made with one of defendants before trial or after an action has begun but before judgment." 47 C.J.S. *Interest & Usury* § 129, p. 163 (2005) (footnote omitted). For example, in *Awedian v. Theodore Efron Mfg. Co.,* 66 Mich.App. 353, 239 N.W.2d 611 (1976), the plaintiffs assigned error in the trial court's computation of statutory interest on the $85,000 judgment against the defendant rather than on the $150,000 amount of total damages without regard to the monies obtained from a settlement with the other defendants. The Court of Appeals of Michigan rejected this position and explained:

> We find this argument novel and interesting but without merit. As defendant notes, M.C.L.A. § 600.6013; M.S.A. § 27A.6013, provides for interest on "any money judgment *recovered* ". (Emphasis [in original] ) Plaintiffs did not recover $150,000 from [Defendant] Efron. By accepting $65,000 in settlement, plaintiffs waived the right to statutory interest on that amount because no final judgment was rendered against the other defendants. Plaintiffs traded off the loss of this interest for the value of a settlement.

*Awedian,* 239 N.W.2d at 614. *See also, Freysinger v. Taylor Supply Co.,* 197 Mich. App. 349, 494 N.W.2d 870 (1992) (finding that when a plaintiff accepts a settlement, the plaintiff waives the right to prejudgment interest on that amount of the total judgment); *Silisky v. Midland–Ross Corp.,* 97 Mich.App. 470, 296 N.W.2d 576 (1980) (reasoning that when plaintiff voluntarily settled with other defendants, plaintiff traded off loss of interest for waiting period in exchange for certainty of settlement).[3] Likewise, in *Witt v.*

---

3. In *Setliff v. Stewart,* 694 N.W.2d 859 (S.D. 2005), the court rejected the view that a prior settlement should be deducted prior to the calculation of prejudgment interest. The court referred to the Michigan cases that this Court cites above but distinguished those cases. The court found that while the applicable Michigan statute provides that interest is to be allowed on a mon-

*State Farm Mut. Auto. Ins. Co.,* 942 P.2d 1326 (Colo.App.1997), the court found error in requiring the plaintiff's underinsurance carrier, State Farm, to pay prejudgment interest on the plaintiff's settlement with the negligent driver's insurance carrier. The court opined:

> Here, plaintiff negotiated a complete settlement with the tortfeasor. Accordingly, the prejudgment interest she now seeks is deemed subsumed in that settlement amount. *See Martinez v. Jesik,* 703 P.2d 638 (Colo.App.1985). Thus, we conclude that plaintiff, by accepting the settlement and the distribution of its proceeds, has waived any right to assert a claim for prejudgment interest on the $50,000 settlement. *See Gutierrez v. Bussey,* 837 P.2d 272 (Colo.App.1992) (party is not entitled to prejudgment interest on settlement amounts received before trial).

*Witt,* 942 P.2d at 1327.

In the instant case, the applicable statute provides for prejudgment interest on judgments and decrees for the payment of money, and the judgment against State Farm was for $45,000, not $175,000. Also, Ms. Rutherford willingly accepted $130,000 in settlement from the two defendants below. It is not unreasonable to presume under these facts that prejudgment interest either is included in the settlements agreed to by Ms. Rutherford or that Ms. Rutherford waived the right to prejudgment interest by agreeing to the settlements. Therefore, in the computation of prejudgment interest, the circuit court should have deducted $130,000 from $175,000 and then calculated prejudgment interest on the special damages portion of the remaining amount of $45,000.

### B.

■ State Farm's second assignment of error is that the circuit court erroneously calculated prejudgment interest from the date of Ms. Rutherford's car accident on July 13, 2002, rather than from the date the cause

of action accrued against State Farm as the underinsurance carrier. State Farm explains that under West Virginia law, an action against an underinsurance carrier does not accrue at the time of the accident but when the insured may assert a claim to recover under her underinsurance coverage. In addition, notes State Farm, this Court has stated in dicta that an insurance carrier is liable for prejudgment interest from the date the insurance carrier has a duty to pay the underinsured motorist benefits to the policyholder. *Citing Miller v. Fluharty,* 201 W.Va. 685, 701 n. 22, 500 S.E.2d 310, 326 n. 22 (W.Va.1997). State Farm argues that otherwise, the prejudgment interest statute would unfairly prejudice the underinsurance carrier by permitting a defendant's liability insurer to simply drop prejudgment interest damages into the lap of the underinsurance carrier which has no control over litigation prior to settlement. Finally, State Farm asserts that its action against State Farm is one based on a contract and the action did not accrue until Ms. Rutherford settled with the tortfeasors.

Ms. Rutherford responds that State Farm's argument on this issue has no merit because her underlying action seeking underinsurance proceeds was against Ms. McClanahan and not against State Farm and does not involve any breach of duty by State Farm. According to Ms. Rutherford, she and Ms. McClanahan are the parties of record as well as the parties arguing before this Court over the amount of prejudgment interest.

■ We find that the circuit court correctly calculated prejudgment interest against State Farm from the date of Ms. Rutherford's car accident which occurred on July 13, 2002. In Syllabus Point 2 of *Grove by and through Grove v. Myers,* 181 W.Va. 342, 382 S.E.2d 536 (1989), this Court held that "[u]nder *W. Va.Code,* 56-6-31, as amended, prejudgment interest on special or liquidated damages is calculated from the date on which the cause of action accrued, which in a per-

---

ey judgment recovered in a civil action, the South Dakota statute provides for the right to recover from the day that loss or damage occurred rather than the right to recover interest on a final judgment. The West Virginia prejudg-

ment interest statute is similar to the Michigan statute in that it provides for prejudgment interest on a judgment or decree for the payment of money.

sonal injury action is, ordinarily, when the injury is inflicted." This syllabus point applies to the instant facts.

Subsection (d) of W. Va.Code § 33–6–31 (1998), our statute dealing in part with uninsured and underinsured motorists' coverage, provides that

> Any insured intending to rely on the coverage required by subsection (b) of this section [regarding uninsured and underinsured coverages] shall, if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle, cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.
>
> Nothing in this subsection shall prevent such owner or operator from employing counsel of his or her own choice and taking any action in his or her own interest in connection with such proceeding.

State Farm's petition for appeal indicates that when Ms. Rutherford filed suit against Olive McClanahan and the Kanawha County Commission, she provided notice of the suit to State Farm as her underinsurance carrier. Pursuant to W. Va.Code § 33–6–31(d), set forth above, State Farm had the right upon receiving such notice to file pleadings and to take other actions allowable by law in the name of the underinsured driver, Ms. McClanahan. This means that State Farm had many of the same rights of a party to the case. In light of this fact, this Court sees no compelling reason to depart from our holding in *Grove* under these specific facts.[4] We find therefore that the prejudgment interest on the judgment against State Farm should be calculated from the date that Ms. Ruther-

ford's cause of action accrued which was at the time of her injury.

### C.

State Farm's last assignment of error is that the circuit court wrongly applied a 10% interest rate to calculate the prejudgment interest on the special damages portion of the judgment below. State Farm bases its argument on the language in the 2006 version of W. Va.Code § 56–6–31. As set forth above, however, this Court has determined that the 1981 version of the statute applies. This version of the statute clearly indicates that "[t]he rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law." Because this language is clear and unambiguous, we simply apply it to the instant facts and conclude that the proper rate of interest to be applied to the special damages portion of the judgment below is 10% per annum as provided for in the statute.

### D.

Finally, Ms. Rutherford presents this Court with a cross-assignment of error in which she challenges the circuit court's method of determining that the amount of prejudgment interest is $58,517.81 instead of $105,632.87 as Ms. Rutherford contended below. Because of the way in which this Court has decided the issues raised by State Farm above, we do not deem it necessary to separately address Ms. Rutherford's cross-assignment of error.

### IV.

### CONCLUSION

For the reasons set forth above, this Court reverses the July 16, 2010, order of the Circuit Court of Kanawha County that calculated prejudgment interest on Ms. Rutherford's judgment against State Farm in the amount of $58,517.81, and we remand this case to the circuit court for the court to recalculate pre-

---

4. This Court cautions that in a case in which the underinsurance carrier did not receive notice of the suit against the underinsured motorists pur-

suant to W. Va.Code § 33–6–31(d), we may reach a different decision on this issue.

judgment interest in a manner consistent with this opinion.

Reversed and remanded.

Justice DAVIS concurs, in part, dissents, in part, and reserves the right to file a separate opinion.

Chief Justice WORKMAN disqualified.

DAVIS, Justice, concurring, in part, and dissenting, in part:

The instant proceeding concerns the calculation of prejudgment interest upon a verdict awarding special damages. In rendering its ruling, the majority of the Court correctly determined that prejudgment interest should be awarded from the date Ms. Rutherford's cause of action accrued as required by W. Va.Code § 56–6–31 (1981) (Repl.Vol.2005); I concur with this portion of the Court's opinion.

However, I part ways with the majority's opinion with respect to the manner in which it has calculated the amount of Ms. Rutherford's award of prejudgment interest. Much like a fishmonger prepares to display his catch-of-the-day, the majority of the Court, with painstaking attention to detail and great pride, has laid out its analysis of the prejudgment interest statute and has concluded that W. Va.Code § 56–6–31 permits the calculation of prejudgment interest upon that portion of a special damages verdict remaining after the application of offsetting settlements. Unfortunately, instead of serving up a piscine delicacy, the majority, through its untenable interpretation of the governing statute and its further inexplicable failure to follow this Court's prior decisions interpreting the same, has produced a seven-week-old unrefrigerated dead fish.

Both the plain language of W. Va.Code § 56–6–31 and this Court's interpretive decisions demonstrate that the majority of the Court incorrectly calculated the amount of prejudgment interest to which Ms. Rutherford is entitled. Rather than basing Ms. Rutherford's prejudgment interest award upon the entire amount of the special damages verdict returned against State Farm, the majority first deducted the settling defendants' settlement payments from the total

special damages verdict and then calculated prejudgment interest upon only that portion of the special damages verdict remaining after the offset. In other words, instead of calculating prejudgment interest upon the entire $170,000 special damages verdict, the majority of the Court subtracted the $130,000 Ms. Rutherford received from the settling defendants and calculated prejudgment interest based upon the difference of $40,000. This manner of calculating prejudgment interest is not authorized by, and is, in fact, contrary to, the law of this State. Simply stated, the majority's opinion is wrong, wrong, wrong. I cannot condone such a deviation from our settled law. Therefore, I strongly dissent.

A party's right to receive an award of prejudgment interest is governed by statute. The statute applicable to the facts of the case *sub judice*, W. Va.Code § 56–6–31 (1981) (Repl.Vol.2005), provides, in pertinent part:

> Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: *Provided, that if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued,* as determined by the court. Special damages includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court.

(Emphasis added). Because the award of prejudgment interest is guaranteed by statute, the meaning of this provision may be ascertained by resort to the rules of statutory construction. Where the language of a statute is plain, the statute should be applied as it is written and need not be construed. Syl. pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."). *See*

*also Appalachian Power Co. v. State Tax Dep't of West Virginia,* 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995) ("We look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed.").

The plain language of W. Va.Code § 56–6–31 states that "the *amount* of such special or liquidated damages shall bear interest." (Emphasis added). The word "amount," though not defined by statute, is commonly understood[1] to mean "aggregate," "full value," "total," or "the whole." *See, e.g., Random House Webster's Unabridged Dictionary* 69 (2d ed.1998) (defining "amount" as "the sum total of two or more quantities or sums; aggregate" and as "the full ... value"); I *The Oxford English Dictionary* 411 (2d ed.1991 reprt.) (construing "amount" as "[t]he full value" and "[a] quantity or sum viewed as a total"); *Webster's Third New International Dictionary Unabridged* 72 (1970) (interpreting "amount" as "the total number or quantity: aggregate ...: sum" and "the whole"). Thus, it is clear that W. Va.Code § 56–6–31 requires the calculation of prejudgment interest upon the *entire* amount of the special damages verdict. This Court is bound to apply and enforce statutes, *as they are written,* according to their plain meaning. *See, e.g.,* Syl. pt. 2, in part, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent ... will be given full force and effect."). Here, W. Va.Code § 56–6–31 required the majority to calculate prejudgment interest upon the *total* amount of the special

damages verdict *before* the settlements were applied as an offset. I disagree with the majority's contrary approach which directly contradicts the expressly prescribed calculation method and shows callous disregard for the Legislature's intent.

This own Court's opinions also have recognized that, consistent with the mandate of W. Va.Code § 56–6–31, prejudgment interest should be calculated upon the total amount of a verdict awarding special damages. In the seminal case of *Grove ex rel. Grove v. Myers,* 181 W.Va. 342, 382 S.E.2d 536 (1989), we recognized that, "[u]nder *W. Va.Code,* 56–6–31, as amended, prejudgment interest on special or liquidated damages is recoverable as a matter of law[.]" Syl. pt. 1, in part, *Grove,* 181 W.Va. 342, 382 S.E.2d 536. With respect to the manner of calculating prejudgment interest, the *Grove* opinion instructs as follows:

> Because prejudgment interest under *W. Va.Code,* 56–6–31 [1981] is to be recovered only on special or liquidated damages, a special interrogatory should be submitted to the jury for it to designate *the amount of special or liquidated damages.* ... When this procedure is not followed and only a general verdict is returned, the plaintiff is entitled to prejudgment interest *on the entire amount of the general verdict containing special or liquidated damages* in unspecified amounts.

*Grove,* 181 W.Va. at 348, 382 S.E.2d at 542 (emphasis added) (internal citations and footnote omitted).[2] *Accord* Syl. pt. 3, *Kirk v. Pineville Mobile Homes, Inc.,* 172 W.Va. 693, 310 S.E.2d 210 (1983) ("Where a general

---

1. Where the Legislature fails to define words used in one of its enactments, we resort to the common, ordinary, and accepted meaning of such words to supply their intended meaning: "In the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." Syl. pt. 1, *Miners in Gen. Grp. v. Hix,* 123 W.Va. 637, 17 S.E.2d 810 (1941), *overruled on other grounds by Lee–Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477 (1982). *Accord In re Cesar L.,* 221 W.Va. 249, 256, 654 S.E.2d 373, 380 (2007) ("[W]here the Legislature has failed to provide a statutory definition for a word used in one of its enactments, the common, ordinary

meaning of the word is relied upon to give meaning to the statute."); Syl. pt. 4, *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959) ("Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use.").

2. Rule 49 of the West Virginia Rules of Civil Procedure explains the differences between special verdicts and general verdicts. *See* W. Va. R. Civ. P. 49(a) (describing "special verdicts") and W. Va. R. Civ. P. 49(b) (detailing "general verdicts").

verdict is returned for loss or damage to real and personal property which includes an amount for loss of use arising from annoyance and inconvenience, *the plaintiff is entitled to prejudgment interest on the entire amount of the general verdict unless the jury has by separate finding established an amount for such loss of use.*" (emphasis added)). *See also* Syl. pt. 3, *Beard v. Lim*, 185 W.Va. 749, 408 S.E.2d 772 (1991) ("*It is the duty of the trial court to ascertain where possible, the amount of special damages proved at trial* as well as the actual accrual date of the damages. Prudent defense counsel should continue to seek a special interrogatory on the issue of special damages where it would aid the trial court in its determinations, but failure to submit a special interrogatory will not necessarily justify an award of prejudgment interest on the entire verdict by the trial court. However, *in the face of such failure to submit a special interrogatory, the trial court should give the plaintiff the benefit of any doubt in the calculation of prejudgment interest.*" (emphasis added)).

Under either of these types of verdicts, it is clear that the Court, both in *Grove* and in its progeny, has contemplated calculating prejudgment interest upon the *total* award of special or liquidated damages, and not on the amount remaining after the application of any offsetting settlements. *See* Syl. pt. 3, in part, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984) ("[T]he familiar maxim *expressio unius est exclusio alterius* [means] the express mention of one thing implies the exclusion of another[.]"); Syl. pt. 3, in part, *Bischoff v. Francesa*, 133 W.Va. 474, 56 S.E.2d 865 (1949) ("[T]he express mention of one thing implies exclusion of another, *expressio unius est exclusio alterius.*" (internal quotations and citation omitted)).

Absent some compelling justification for deviation, such as a change in the law or a distinguishable fact pattern, the doctrine of *stare decisis* requires this Court to follow its prior opinions. In this regard, we specifically have recognized that

[t]he doctrine of *stare decisis* rests upon the principle that law by which men are governed should be fixed, definite, and known, and that, when the law is declared by court of competent jurisdiction authorized to construe it, such declaration, in absence of palpable mistake or error, is itself evidence of the law until changed by competent authority.

*In re Proposal to Incorporate Town of Chesapeake*, 130 W.Va. 527, 536, 45 S.E.2d 113, 118 (1947) (internal quotations and citation omitted). *Accord* Syl. pt. 2, *Dailey v. Bechtel Corp.*, 157 W.Va. 1023, 207 S.E.2d 169 (1974) ("An appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law."). *See also Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 202, 112 S.Ct. 560, 564, 116 L.Ed.2d 560 (1991) ("[W]e will not depart from the doctrine of *stare decisis* without some compelling justification." (citation omitted)); *Dailey*, 157 W.Va. at 1029, 207 S.E.2d at 173 ("Stare decisis is not a rule of law but is a matter of judicial policy.... It is a policy which promotes certainty, stability and uniformity in the law. It should be deviated from only when urgent reason requires deviation.... In the rare case when it clearly is apparent that an error has been made or that the application of an outmoded rule, due to changing conditions, results in injustice, deviation from that policy is warranted." (internal quotations and citation omitted)). The allegiance to this Court's prior opinions that is required by *stare decisis* applies with equal force to both the Court's actual holdings and to the legal analysis that underlies and is necessary to achieve such holdings. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67, 116 S.Ct. 1114, 1129, 134 L.Ed.2d 252 (1996) ("When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound."); *County of Allegheny v. American Civil Liberties Union, Greater Pittsburgh Chapter*, 492 U.S. 573, 668, 109 S.Ct. 3086, 3141, 106 L.Ed.2d 472 (1989) (Kennedy, J., concurring and dissenting) ("As a general rule, the principle of *stare decisis* directs us to adhere not only to the holdings

of our prior cases, but also to their explications of the governing rules of law.").

Such adherence to our prior decisions, and the consistency among the rulings of this Court that necessarily results therefrom, is particularly warranted where our prior decisions involve a matter of statutory construction. In this regard, we have vowed that "[o]nce this Court determines a statute's clear meaning, we will adhere to that determination under the doctrine of *stare decisis*." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. at 588 n. 17, 466 S.E.2d at 439 n. 17. *Accord Patterson v. McLean Credit Union*, 491 U.S. 164, 172, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989) ("Considerations of *stare decisis* have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated[.]").

Here, no circumstances have changed so as to require a departure from our prior precedent interpreting the statutory right to recover prejudgment interest secured by W. Va.Code § 56–6–31. The majority of the Court in the case *sub judice,* however, has chosen to ignore the maxim of *stare decisis* by failing to afford our prior opinions, which define the law applicable to the instant controversy and provide predictability and guidance for the resolution thereof, the deference and respect which they are due. From this refusal to comply with such an esteemed tenet of judicial policy and the consequent marked departure from this Court's own holdings, I vehemently dissent.

Finally, I would be remiss if I did not also discuss this Court's longstanding recognition of the remunerative aspect of an award of prejudgment interest. In this regard, we have held that "[p]rejudgment interest, according to West Virginia Code § 56–6–31 (1981) and the decisions of this Court interpreting that statute, is not a cost, but is a form of compensatory damages intended to make an injured plaintiff whole as far as loss of use of funds is concerned." Syl. pt. 1, *Buckhannon–Upshur Cnty. Airport Auth. v. R & R Coal Contracting, Inc.*, 186 W.Va. 583, 413 S.E.2d 404 (1991). *See also Miller v. Fluharty*, 201 W.Va. 685, 700, 500 S.E.2d 310, 325 (1997) ("Prejudgment interest is a part of a plaintiff's damages awarded for ascertainable pecuniary losses, and serves to fully compensate the injured party for the loss of the use of funds that have been expended." (internal quotations and citations omitted)). This holding demonstrates this Court's express acknowledgment of the public policy underlying the Legislature's recognition of a victorious party's right to receive prejudgment interest as a means of compensating an injured party for the losses he/she has incurred as a result of another's actions.

As the foregoing analysis shows, the Legislature explicitly has stated that prejudgment interest is to be calculated based upon the *entire* amount of the special damages awarded. When the Legislature states its intention with regard to a matter of public policy, this Court is bound to respect and uphold such intent, just as it is bound to enforce the Legislature's statutes and this Court's prior decisions. *See Estep v. Mike Ferrell Ford Lincoln–Mercury, Inc.*, 223 W.Va. 209, 217, 672 S.E.2d 345, 353 (2008) ("As to statements of public policy, this Court is not at liberty to substitute our policy judgments for those of the Legislature." (internal quotations and citation omitted)). *See also* Syl. pt. 2, in part, *State v. Scott*, 36 W.Va. 704, 15 S.E. 405 (1892) ("In construing a statute, we are not at liberty, where the language is free from ambiguity, to substitute one word for another, and thereby change and reverse the express language of the act[.]"). In this case, however, the majority nevertheless has, in its esteemed wisdom, determined that it is better versed than the Legislature to determine the public policy of this State vis-a-vis the statutorily-created right to prejudgment interest. With the majority's ill-advised decision, I simply cannot agree.

For the foregoing reasons, I respectfully concur, in part, with the majority's decision to award prejudgment interest from the date Ms. Rutherford's cause of action accrued as required by W. Va.Code § 56–6–31. Nevertheless, I dissent from that portion of the majority's opinion in this case that deviates from the plain language of W. Va.Code § 56–

6–31 and improperly calculates the amount of prejudgment interest to which Ms. Rutherford is entitled. I remain hopeful that the Court's next consideration of prejudgment interest will indeed be an entree worthy of praise rather than something which imparts an unwelcome and indelible stench that lingers indefinitely until it is has been attended to properly.