# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sheila Ann Rutherford,**
**Plaintiff Below, Petitioner**

**vs)  No. 12-0655** (Kanawha County 03-C-2908)

**Olive V. McClanahan and Kanawha County Commission,**
**Defendants Below, Respondents**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sheila Ann Rutherford, by counsel Tim C. Carrico, appeals the judgment order of the Circuit Court of Kanawha County entered April 16, 2012, following this Court's remand. As directed, the circuit court calculated the prejudgment interest on the special damages portion of the judgment and not the special damages portion of the entire verdict. Respondents, by counsel David A. Mohler and Greg S. Foster, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

We begin by noting that this petition is the second appeal to come before this Court following the jury trial in this case. Petitioner was injured in a vehicle accident in 2002. She filed suit against respondents and provided notice of the suit to her underinsurance carrier. Petitioner entered into a partial settlement with Respondent McClanahan for $100,000, and a partial settlement with Respondent Kanawha County Commission for $30,000. Petitioner then proceeded with her claim against State Farm, her underinsurance carrier.[1]

In September of 2008, the jury returned a verdict of $175,000 in favor of petitioner, which included $170,000 in special damages. The circuit court applied the previous settlements to offset the verdict. Thus, State Farm owed a judgment in the amount of $45,000 to petitioner.

In the first appeal, the parties disputed the proper method to determine the amount of prejudgment interest on the special damages. This Court remanded the case to the circuit court to recalculate the prejudgment interest as follows:

---

[1] State Farm elected to defend the action in the name of Ms. McClanahan.

1

[T]his Court finds that the circuit court should have calculated prejudgment interest on the special damages portion of the $45,000 judgment against State Farm and not the special damages portion of the entire verdict of $175,000. Significantly, W. Va. Code § 56-6-31 provides for the payment of prejudgment interest on the special damages portion of "every judgment or decree for the payment of money." This language is clear and unambiguous. It plainly indicates that payment of prejudgment interest shall be on the special damages portions of judgments or decrees for the payment of money, not on verdicts. Ms. Rutherford's judgment against State Farm was not for $175,000. Rather, the judgment directed that State Farm pay to Ms. Rutherford $45,000.00 on her underinsurance claim. Therefore, State Farm should pay prejudgment interest on the special damages portion of the $45,000 judgment.

*State Farm Mutual Automobile Ins. Co. v. Rutherford*, 229 W.Va. 73, __ 726 S.E.2d 41, 46 (2011) (*Rutherford I*).

As directed, the circuit court first deducted the $130,000 in settlement proceeds from the $175,000 verdict to reach $45,000. To determine the special damages portion of the remaining $45,000, the court found that "[s]ince the special damages were 97% of the total verdict, 97% of the remaining $45,000 is $43,650." Furthermore, the circuit court followed this Court's holding that the prejudgment interest rate of 10% should be applied to the amount from the date of the accident to the date the judgment order was entered. Making that calculation, the court entered an amended judgment order finding prejudgment interest in the amount of $27,146.71.

In this second appeal, petitioner now contends that the circuit court should have calculated interest on the entire $45,000 judgment. She also argues, in the alternative, that the circuit court erred by not awarding prejudgment interest on $170,000, the entire amount of her special damages.

Respondents assert that petitioner's assignments of error are directly contrary to this Court's mandate in *Rutherford I*. Respondents argue that petitioner's attempts to relitigate this matter are prohibited under the law of the case doctrine. We agree.

The law of the case doctrine "generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, provided that there has been no material changes in the facts since the prior appeal, such issues may not be relitigated in the trial court or re-examined in a second appeal." 5 Am.Jur.2d *Appellate Review* § 605 at 300 (1995) (footnotes omitted). "[T]he doctrine is a salutary rule of policy and practice, grounded in important considerations related to stability in the decision making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *United States v. Rivera-Martinez,* 931 F.2d 148, 151 (1st Cir. 1991). Thus, consistent with these considerations, we have previously held, "[t]he general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second

2

appeal and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green,* 145
W.Va. 469, 115 S.E.2d 320 (1960).

*State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 808, 591 S.E.2d 728, 734
(2003) (footnote omitted).

For the foregoing reasons, we decline to re-examine the issues previously determined by
this Court in *Rutherford I.* Accordingly, this Court affirms the amended judgment order entered
by the circuit court.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Robin Jean Davis not participating
Justice Margaret L. Workman disqualified