No. 15-0013 –        *John Doe, an unknown driver v. Hasil Pak*

Davis, Justice, concurring, in part, and dissenting, in part:

I fully agree with the new syllabus point herein announced by the majority and its corresponding determination that the circuit court erred in refusing to credit State Farm's advance payment to its insured against the final judgment she obtained in this action. I likewise agree with the majority's determination that Ms. Pak is not entitled to prejudgment interest for her loss of household services, because she had no out-of-pocket expenditures related to that loss. Accordingly, I concur in those portions of the majority opinion. However, I part ways with my brethren on the proper method of calculating pre-judgment interest pursuant to W. Va. Code § 56-6-31(a) (2006) (Repl. Vol. 2012).

In this case, the majority relied on this Court's prior decision in *State Farm Mutual Automobile Insurance Co. v. Rutherford*, 229 W. Va. 73, 726 S.E.2d 41 (2011), to conclude that the circuit court erred by failing to deduct State Farm's advance payment to Ms. Pak from the judgment amount prior to assessing interest thereon. Because the majority's reliance on *Rutherford* perpetuates the misinterpretation of W. Va. Code § 56-6-31(a), I must dissent as I did with respect to the same issue in *Rutherford*.

W. Va. Code § 56-6-31(a) states, in relevant part,

1

Except where it is otherwise provided by law, every judgment or decree for the payment of money, whether in an action sounding in tort, contract or otherwise, entered by any court of this state shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not: *Provided, That if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of special or liquidated damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, as determined by the court and that established rate shall remain constant from that date until the date of the judgment or decree,* notwithstanding changes in the federal reserve district discount rate in effect in subsequent years prior to the date of the judgment or decree. Special damages includes lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court. If an obligation is based upon a written agreement, the obligation shall bear a prejudgment interest at the rate set forth in the written agreement until the date the judgment or decree is entered and, thereafter, the judgment interest rate shall be the same rate as provided for in this section.

(Emphasis added). As I pointed out in my separate opinion in *Rutherford*,

The plain language of W. Va. Code § 56-6-31 states that "the *amount* of such special or liquidated damages shall bear interest." (Emphasis added). The word "amount," though not defined by statute, is commonly understood to mean "aggregate," "full value," "total," or "the whole." *See, e.g.*, *Random House Webster's Unabridged Dictionary* 69 (2d ed. 1998) (defining "amount" as "the sum total of two or more quantities or sums; aggregate" and as "the full . . . value"); I *The Oxford English Dictionary* 411 (2d ed. 1991 reprt.) (construing "amount" as "[t]he full value" and "[a] quantity or sum viewed as a total"); *Webster's Third New International Dictionary Unabridged* 72 (1970) (interpreting "amount" as "the total number or quantity: aggregate . . .: sum" and "the whole"). Thus, it is clear that W. Va. Code § 56-6-31 requires the calculation of prejudgment interest upon the *entire* amount of the special damages verdict. This Court is bound to apply and enforce statutes, *as they are written*, according to their plain meaning. *See, e.g.*, Syl. pt. 2, in part, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ( "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent . . . will be given full force and effect."). Here, W. Va. Code § 56-6-31 required the majority to calculate

2

> prejudgment interest upon the *total* amount of the special damages
> verdict *before* the settlements were applied as an offset. I disagree
> with the majority's contrary approach which directly contradicts the
> expressly prescribed calculation method and shows callous disregard
> for the Legislature's intent.

*Rutherford*, 229 W. Va. at 82, 726 S.E.2d at 50 (footnote omitted). In the case *sub judice*, the

majority has continued to ignore the plain language of W. Va. Code § 56-6-31 and has wrongly

deducted State Farm's advance payment from Ms. Pak's special damages prior to calculating the pre-

judgment interest to which she is statutorily entitled. Thus, for the same reasons I explained in

*Rutherford*, I respectfully dissent.

3