# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Lee Adkins,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0229** (Wayne County CC-50-2017-86)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Lee Adkins, by counsel Shawn Bartram, appeals the order of the Circuit Court of Wayne County, entered on February 27, 2019, denying his petition for writ of habeas corpus. Respondent Donnie Ames, superintendent of the Mount Olive Correctional Complex, appears by counsel Patrick Morrisey and Andrea Nease Proper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

David Lee Adkins pled guilty in the Circuit Court of Wayne County to one count of sexual assault in the first degree in January of 2013, after having been charged with six counts of the same and an additional count of sexual abuse in the first degree, all related to one victim under the age of 12 between March of 2003, and March of 2008. The circuit court sentenced Mr. Adkins to a term of imprisonment of fifteen to thirty-five years in the West Virginia State Penitentiary, to be followed by twenty years of supervised release.

Several years after the sentencing, in March of 2017, Mr. Adkins filed a petition for writ of habeas corpus in the Circuit Court of Wayne County. At the omnibus hearing later conducted by the circuit court, Mr. Adkins explained that he is unable to read or write and the petition was drafted on his behalf by a fellow inmate. Despite the appointment of counsel to represent his interests, Mr. Adkins confirmed that he wished to proceed on the petition drafted by his Mount Olive Correctional Complex colleague. After an extensive discussion with Mr. Adkins and his appointed counsel at the omnibus hearing, the circuit court determined that Mr. Adkins sought relief on the following grounds: constitutional violations emanating from ex post facto punishment, the inclusion of errors in the presentence investigation report, the issuance of a defective indictment, the circuit court's imposition of a harsher-than-expected sentence, doubt

1

about Mr. Adkins' actual guilt, and the ineffective assistance of Mr. Adkins' trial counsel. The circuit court's patience in endeavoring to understand the arguments presented in the petition is commendable, and after applying thorough consideration, the circuit court ultimately denied Mr. Adkins' petition by order entered on February 27, 2019.

On appeal, Mr. Adkins asserts a single assignment of error. He argues that the circuit court failed to apply principles of stare decisis when denying petitioner's request for relief on the grounds described above.[1] We consider this assignment of error as described here:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Mr. Adkins pointedly centers his assignment of error on the doctrine of stare decisis, which we have described as "not a rule of law but . . . a matter of judicial policy." *Adkins v. St. Francis Hosp. of Charleston*, 149 W. Va. 705, 718, 143 S.E.2d 154, 162 (1965) (citing 20 Am.Jur., Courts, Section 184). We have explained:

> "[T]he doctrine of stare decisis requires this Court to follow its prior opinions." *State Farm Mut. Auto. Ins. Co. v. Rutherford*, 229 W.Va. 73, 83, 726 S.E.2d 41, 51 (2011) (Davis, J., concurring, in part, and dissenting, in part). In Syllabus point 2 of *Dailey v. Bechtel Corp.*, 157 W.Va. 1023, 207 S.E.2d 169 (1974), we held that "[a]n appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law." . . .

*Jenkins v. City of Elkins*, 230 W. Va. 335, 340-41, 738 S.E.2d 1, 6-7 (2012). Problematically, Mr. Adkins fails to support his assignment of error with the identification of any applicable prior opinions of this Court other than *State v. Deel*, 237 W. Va. 600, 788 S.E. 2d 741 (2016), wherein we held:

---

[1] Respondent refers to this presentation as five separate assignments of error, based on petitioner's distinct arguments separately (though briefly) addressing each of the grounds on which the circuit court denied relief. However, we will address the statement as petitioner has chosen to present it—as an all-encompassing description—in light of our direction that petitioner open his brief "with a list of the assignments of error that are presented for review, expressed in terms and circumstances of the case but without unnecessary detail. . . . The statement of the assignments of error will be deemed to include every subsidiary question fairly comprised therein. . . ." W. Va. R. App. P. 10(3), in part.

In order to avoid the constitutional prohibition against ex post facto laws, West Virginia Code § 62-12-26 must not be applied to those individuals who committed any of the enumerated sex offenses set forth in the supervised release statute prior to the date the supervised release statute became effective regardless of any contrary language contained in West Virginia Code § 62-12-26.

Syl. Pt. 4, *Deel*.

The circuit court adeptly explained the difference between the application of West Virginia Code § 62-12-26 to Mr. Adkins and the petitioner in *Deel*. It is simply this: Mr. Deel was not charged with any enumerated sex offenses occurring after the enactment of West Virginia Code § 62-12-26. Mr. Adkins, who committed multiple acts of sexual assault over a five-year period, was so charged. While Mr. Adkins did not offer his plea in relation to a date-specific offense, he did affirm at his plea hearing that his plea was made knowingly and voluntarily, and he acknowledged his understanding that he may be sentenced to a term of supervised release upon conviction. Therefore, we find that Mr. Adkins' sentence of supervised release does not violate the principle stated above that the statute should not be applied to an individual who committed an enumerated offense prior to the enactment of the statute.

Having addressed the lone precedential decision of this Court discussed by petitioner in support of his single assignment of error concerning the circuit court's adherence to stare decisis, we find no error in the circuit court's denial of Mr. Adkins' petition for writ of habeas corpus. Because petitioner has briefly mentioned the other grounds upon which the circuit court denied his petition for relief, albeit outside of the framework of his assignment of error, we further note that the circuit court competently addressed all grounds asserted by petitioner, and we find no error in the circuit court's consideration of each of petitioner's arguments.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman