**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**John D. Chaudron**
**and Linda L. Chaudron,**
**Petitioners Below, Petitioners**

**v.) No. 24-181** (23-ICA-30)

**Steven J. Swingle,**
**Kara G. Swingle,**
**and Michael A. Mills,**
**Respondents Below, Respondents**


## MEMORANDUM DECISION


Petitioners John D. Chaudron and Linda L. Chaudron appeal the February 27, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the orders of the Circuit Court of Hampshire County entered on August 5, 2022, October 11, 2022, and December 31, 2022, denying their post-trial motions.[1] *See Chaudron v. Swingle*, No. 23-ICA-30, 2024 WL 794484 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision). The Chaudrons argue that the lower courts erred by denying claims for attorney's fees, certain deposition costs, prejudgment interest, and punitive damages. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The Chaudrons and Respondents Steven J. Swingle and Kara G. Swingle were neighbors in the Whitetail Mountain Subdivision in Hampshire County, West Virginia. Over time, a contentious relationship developed between them, including two incidents reported to law enforcement resulting in criminal charges against Mr. Chaudron that were ultimately dismissed by the magistrate court. *See Chaudron*, 2024 WL 794484 at *1-2 (describing the relationship between the parties, the reports to law enforcement, and the charges against Mr. Chaudron). The Chaudrons, along with other interested parties, filed a lawsuit seeking injunctive relief related to alleged violations of subdivision covenants and similar matters and claims for monetary damages related to assertions of malicious prosecution, abuse of process, civil conspiracy, negligence, gross negligence, and willful, wanton, and malicious conduct related to the reports made to law

---

[1] The petitioners are represented by counsel Joseph L. Caltrider and Liana L. Stinson. Respondents Steven J. Swingle and Kara G. Swingle are represented by counsel James O. Heishman. Respondent Michael A. Mills did not participate in this appeal.

enforcement regarding Mr. Chaudron. The claims for injunctive relief were settled and all plaintiffs except the Chaudrons were dismissed.

The parties proceeded to trial on the remaining claims and the evidence included testimony by video deposition from four unavailable witnesses. During a discussion of jury instructions and Rule 50 motions before submission of the case to the jury, the circuit court concluded that, considering the evidence in a light most favorable to the Chaudrons and giving all reasonable inferences to them, a punitive damages claim and instruction were not appropriate because there was not clear and convincing evidence supporting that type of damages. In its analysis of the punitive damages issue, the court noted that the Chaudrons' malicious prosecution claim only had to be established by a preponderance of the evidence. The court instructed the jury in accordance with its rulings.

On July 25, 2021, the jury returned a verdict in favor of the Chaudrons and found the Swingles liable for malicious prosecution, abuse of process, civil conspiracy, negligence, and willful, wanton, and reckless conduct in the prosecution of Mr. Chaudron.[2] For damages, the jury awarded the Chaudrons $6,250 in economic damages and $3,750 in general damages, for a total of $10,000. The Chaudrons filed a motion for costs and a separate motion for attorney's fees and litigation costs that was later supplemented. On August 5, 2022, the circuit court entered a final verdict order and the parties filed objections. After a hearing on the outstanding matters, the court entered a December 31, 2022, order addressing the post-trial motions. Relevant to this appeal, the court denied the Chaudrons' motion for attorney's fees and litigation costs, finding that the Chaudrons did not meet their burden of establishing the bad faith factors supporting such an award discussed in *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986).[3] Further, the court granted, in part, and denied, in part, the Chaudrons' motion for costs, awarding some specified costs but concluding that the requested video deposition-related expenses involved depositions conducted for discovery purposes and were thus not recoverable. The court also denied the Chaudrons' request for prejudgment interest, finding that the economic damages awarded by the jury were not certain or capable of being rendered certain by reasonable calculation based on the evidence presented. The Chaudrons appealed to the ICA, raising the same four assignments of error presented to this Court. The ICA affirmed the circuit court orders in a memorandum decision issued on February 27, 2024.

On appeal to this Court, the Chaudrons first argue that the lower courts erred by concluding they were not entitled to attorney's fees and costs. Second, they contend that the lower courts should have awarded them costs associated with the video depositions utilized at trial. Third, the Chaudrons aver that the lower courts erred in denying their claims for prejudgment interest. Fourth and finally, the Chaudrons claim error in the circuit court's conclusion that their punitive damages

---

[2] The jury also found Mr. Mills liable for civil conspiracy and Mr. Joseph Marley, a codefendant below who is now deceased, liable for abuse of process and civil conspiracy.

[3] In *Sally-Mike Properties* the Court held "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." 179 W. Va. at 49, 365 S.E.2d at 247, Syl. Pt. 3.

claim should not be submitted to the jury and the refusal of their proposed punitive damages instruction.

We review the Chaudrons' first two assignments of error, related to the denial of attorney's fees and costs, under an abuse of discretion standard.[4] *See* Syl Pt. 2, *Auto Club Prop. Cas. Ins. Co. v. Moser*, 246 W. Va. 493, 874 S.E.2d 295 (2022) ("This Court reviews an award of costs and attorney's fees under an abuse of discretion standard."). We agree with the ICA that the circuit court performed the required thorough analysis of the evidence presented during the three-day jury trial and, based on our review of the record on appeal, we cannot conclude that the circuit court abused its discretion in its rulings involving attorney's fees and costs. Further, the circuit court did not abuse its discretion by denying the requested deposition costs based on its conclusion that the video depositions were held for discovery purposes and not primarily conducted for the purpose of providing trial testimony.

Next, we review de novo the circuit court's conclusion that prejudgment interest was not available in this case. *See* Syl. Pt. 2, in part, *Hensley v. W. Va. Dep't of Health & Human Res.*, 203 W. Va. 456, 508 S.E.2d 616 (1998) (holding that when "a circuit court's award of prejudgment interest hinges, in part, on an interpretation of our decisional or statutory law, we review de novo that portion of the analysis."); *see also, State Farm Mut. Auto. Ins. Co. v. Rutherford*, 229 W. Va. 73, 726 S.E.2d 41 (2011) (applying de novo review to issues concerning the proper way to determine the amount of prejudgment interest involving a question of law). Prejudgment interest is available for special or liquated damages, and special damages are defined as including "lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court[.]" W. Va. Code § 56-6-31(b), in part. Special damages are damages that are "certain or capable of being rendered certain by reasonable calculation." *Dan's Car World, LLC v. Delany*, 246 W. Va. 289, 300, 873 S.E.2d 820, 831 (2022) (internal quotation omitted). Based on our review of trial exhibit seventy-four and the associated testimony of Mr. Chaudron, we agree with the ICA and the circuit court that the damages sought were general, not special, damages and so conclude that the circuit court did not err in denying prejudgment interest.

---

[4] This Court reviews appeals of ICA decisions by considering the relevant circuit court, family court, or administrative order under our well-settled standards of review. *See, e.g.*, Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024) (on appeal from the ICA, reviewing a decision of the West Virginia Workers' Compensation Board of Review under the statutory standards in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022)); Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024) (on appeal from the ICA, reviewing family court order for clear error and abuse of discretion); Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025) (on appeal from the ICA, applying de novo review to circuit court order granting motion to dismiss); Syl. Pt. 1, *Moorhead v. W. Va. Army Nat'l Guard*, 251 W. Va. 600, 915 S.E.2d 378 (2025) (on appeal from the ICA, applying de novo review to circuit court's entry of summary judgment); Syl. Pt. 1, *In re D.K.*, --- W. Va. ---, 923 S.E.2d 425 (2025) (on appeal from the ICA, applying abuse of discretion review to a circuit court order granting or denying expungement of criminal records).

Finally, the circuit court considered whether to submit the Chaudrons' request for punitive damages to the jury. "This court has consistently held the determination of whether a punitive damages jury instruction is appropriate is within the sound discretion of the trial judge." *JWCF, LP v. Farruggia*, 232 W. Va. 417, 428, 427, 752 S.E.2d 571, 581 (2013).[5] Here, the circuit court emphasized that the standard of clear and convincing evidence supporting a punitive damages claim differed from the preponderance of the evidence standard required to support claims of malicious prosecution and abuse of process. The court ruled that the clear and convincing evidence standard was not met in this case and refused to provide an instruction on punitive damages in this case. Based on our review of the record on appeal, we cannot conclude that the circuit court erred in its determination that punitive damages were not warranted in this case involving a contentious relationship between former neighbors.

Here, having reviewed the record on appeal and considered the ICA's memorandum decision, we agree with the ICA that, in these circumstances, the circuit court did not err in its rulings. Accordingly, we affirm.

Affirmed.

**ISSUED:** February 11, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[5] The circuit court first considered this issue under Rule 50(a) of the West Virginia Rules of Civil Procedure. We review the granting of a motion under Rule 50 de novo, considering the evidence in the light most favorable to the nonmoving party. *See* Syl. Pt. 3, *Brannon v. Riffle,* 197 W. Va. 97, 475 S.E.2d 97 (1996). Although neither party argued that the de novo standard of review applies in this case, we note that under either a de novo or abuse of discretion standard we conclude that the circuit court did not err.

4